Argued and submitted December 15, 2003, reversed and remanded for
reconsideration March 10, 2004

DOUGLAS ALLEN ASHCROFT,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

00-1711; A118137

86 P3d 102

Harris S. Matarazzo argued the cause and filed the brief
for petitioner.

Katherine H. Waldo, Assistant Attorney General, argued
the cause for respondent. With her on the brief were Hardy
Myers, Attorney General, and Mary H. Williams, Solicitor
General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

■ Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) denying his request for discharge or conditional release. Petitioner asserts that: (1) the record is insufficient to support PSRB's finding that he suffers from alcohol dependence; and (2) such a diagnosis is not a mental disease or defect within the meaning of ORS 161.295(2). We conclude that the record contains substantial evidence that petitioner suffers from alcohol dependence. *See* ORS 183.482(8)(c). But we adhere to our recent holding in *Beiswenger v. PSRB*, 192 Or App 38, 84 P3d 180 (2004), that alcohol dependence is not a mental disease or defect within the meaning of ORS 161.295(2). PSRB erred in so concluding.

■ As in *Laing v. PSRB*, 192 Or App 462, 86 P3d 100 (2004), the state asserts alternatively that petitioner should be judicially estopped from arguing that alcohol dependence is not a mental disease or defect because he took the converse position in entering the plea of guilty except for insanity in the criminal proceeding that resulted in his commitment to PSRB's jurisdiction. In *Laing*, we declined to decide whether the judicial estoppel doctrine should apply in such cases because the record there did not adequately establish that the petitioner in fact took the position in his criminal prosecution that his alcohol dependence was a mental disease or defect. *Id.* at 465-66. In this case, the record is even more sparse. No mental health or other form of medical assessment of petitioner—if any existed—was provided to the trial court. Instead, the record discloses only that the prosecutor and petitioner presented the trial court with their advance agreement that petitioner should be permitted to enter a plea of guilty except for insanity, and the trial court accepted the plea. The record does not reveal the factual basis for their agreement, for the plea itself, or for the court's acceptance of it. Because it does not, we decline to consider the state's judicial estoppel argument further.

Reversed and remanded for reconsideration.