Argued and submitted December 15, 2003, reversed and remanded for
reconsideration March 10, 2004

# RICHARD I. LAING,
## *Petitioner,*

*v.*

# PSYCHIATRIC SECURITY REVIEW BOARD,
## *Respondent.*

## 02-1804; A118505

86 P3d 100

Harris S. Matarazzo argued the cause and filed the brief for petitioner.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

Petitioner seeks judicial review of a Psychiatric Security Review Board (PSRB) order denying his request for discharge or conditional release.[1] PSRB based its denial on its determination that petitioner suffers from a mental disease or defect, specifically, alcohol dependence, and that he presents a danger to others as a result. *See* ORS 161.346(1)(c). As we explain, our recent decision in *Beiswenger v. PSRB*, 192 Or App 38, 84 P3d 180 (2004), is controlling on whether alcohol dependence is a mental disease or defect. We also conclude that, in this case, judicial estoppel does not apply. We therefore reverse and remand for reconsideration.

In February 2002, petitioner pleaded guilty except for insanity, ORS 161.295, to two charges of assault. The court accepted petitioner's plea and placed him under the jurisdiction of PSRB for a period not to exceed 10 years. Pursuant to ORS 161.341(7)(a), petitioner received an initial hearing before PSRB during which he requested discharge or conditional release. PSRB denied that request based on its finding that petitioner "carries an Axis I diagnosis of alcohol dependence."

Petitioner asserts that PSRB erred, first, in finding that he suffers from alcohol dependence and, second, in concluding that alcohol dependence is a mental disease or defect. We review the first issue for substantial evidence in the record. ORS 183.482(8)(c). Without further discussion, we conclude that the record contains substantial evidence to support PSRB's conclusion that petitioner suffers from alcohol dependence. Consequently, PSRB did not err in reaching that result.

■   As to the second issue—*i.e.*, whether alcohol dependence is a mental disease or defect within the meaning of the pertinent statutes—we recently resolved that issue in *Beiswenger*, 192 Or App at 38. As we discussed at greater

---

[1] In the alternative, petitioner also asked for an evaluation. PSRB's order includes a statement that "the hospital is in the process of evaluating [petitioner] for the presence of other Axis I diagnoses." Petitioner raises no issue on appeal about that aspect of PSRB's order.

length in *Beiswenger*, PSRB's jurisdiction depends on a finding that a committed individual suffers from a "mental disease or defect" and is a "substantial danger to others." *See* ORS 161.341. The term "mental disease or defect" does not include "any abnormality constituting solely a personality disorder." ORS 161.295(2). We held in *Beiswenger* that alcohol dependency is properly characterized as a "personality disorder" and therefore does not qualify, as a matter of law, as a mental disease or defect. *Id.* at 54. In doing so, we rejected the same arguments that the state makes in this case. Thus, *Beiswenger* is on point and controlling, and PSRB erred in concluding that appellant's alcohol dependency is a mental disease or defect.

■        As an alternative basis for affirmance, the state argues that petitioner should be barred by the doctrine of judicial estoppel from taking the position that alcohol dependence is not a mental disease or defect. Specifically, the state urges that petitioner, in pleading guilty except for insanity in his criminal prosecution, took the position that his alcohol dependence was a mental disease or defect that would support such a verdict. Consequently, according to the state, petitioner should be estopped, before PSRB and before this court on appeal, from asserting the converse of that proposition—that is, that alcohol dependence, as a matter of law, does not qualify as a mental disease or defect.

■        The state's invocation of judicial estoppel is well grounded in the policies behind the doctrine. Judicial estoppel is a common-law doctrine with a dual purpose "to preserve the sanctity of the oath and to protect the integrity of the judicial system by preventing inconsistent results in separate proceedings." *White v. Goth*, 182 Or App 138, 141, 47 P3d 550 (2002). To serve those purposes, the doctrine precludes a litigant from assuming a position in a judicial proceeding that is inconsistent with a position that that party successfully asserted in a different judicial proceeding. *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 609, 892 P2d 683 (1995). Although a majority of this court has neither accepted nor rejected the proposition that judicial estoppel is available in proceedings such as this one, some members and former members of this court have taken the position that it is. *See Hanson v. PSRB*, 156 Or App 198, 965 P2d 1051

(1998), *rev'd on other grounds*, 331 Or 626, 19 P3d 350 (2001) (De Muniz, J., concurring, joined by Armstrong and Wollheim, JJ.).

We do not decide that question in this case, however, because we conclude that the record does not adequately establish the basis for petitioner's plea in his criminal trial. The transcript of the criminal proceeding—if one ever existed—is not a matter of record in this case. The criminal judgment states that petitioner stipulated to the facts of the state's case as contained in the police reports, all the medical reports provided to the court, and the indictment. The medical reports, in turn, state that petitioner suffered from, among other things, alcohol dependence, substance-induced sleep disorder, schizophrenia, cognitive disorder, and schizotypal personality disorder. But although petitioner necessarily stipulated to those diagnoses, the record nowhere indicates what position he asserted with regard to whether one, some, or all of those diagnoses were mental diseases or defects that formed the factual basis for his plea. Said another way, the record does not provide a basis to conclude that petitioner relied specifically on his alcohol dependency as a basis for his plea, in addition to or instead of relying on the other diagnoses listed in the reports. Even assuming that the doctrine of judicial estoppel properly should apply to petitioners who take one position in their criminal trial and a contrary position in proceedings before PSRB or this court, this is not a case in which we can determine that petitioner did so.

Reversed and remanded for reconsideration.