Argued and submitted January 5, decision of Court of Appeals affirmed; order of
Psychiatric Security Review Board vacated, and case remanded to board for
further proceedings May 5, 2005

## DOUGLAS ALLEN ASHCROFT,
*Respondent on Review,*

*v.*

## PSYCHIATRIC SECURITY REVIEW BOARD,
*Petitioner on Review.*

(PSRB 00-1711; CA A118137; SC S51508)

111 P3d 1117

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Harris S. Matarazzo, Portland, argued the cause and filed the brief for respondent on review.

BALMER, J.

**BALMER, J.**

The issue in this case is whether, for purposes of ORS 161.295, alcohol dependence is a "mental disease or defect" or, instead, is a "personality disorder." The Court of Appeals held that it was a personality disorder. For reasons that this court set out at greater length in *Tharp v. PSRB*, 338 Or 413, 110 P3d 103 (2005), we similarly conclude that alcohol dependence is a personality disorder as that term is used in ORS 161.295(2) and that, therefore, it is not a mental disease or defect. Accordingly, we affirm the decision of the Court of Appeals.

In January 2002, a trial court found petitioner guilty except for insanity of attempted assault in the second degree, based on mental disease or defect. The trial court placed petitioner under the jurisdiction of the Psychiatric Security Review Board (board) for a maximum of five years. ORS 161.327(1). In April 2002, the board held a hearing pursuant to ORS 161.341(7)(a) to determine whether petitioner should be conditionally discharged or released.[1] After such a hearing, the board must discharge the committed person if the board finds that "the person is no longer affected by a mental disease or defect, or, if so affected, no longer presents a substantial danger to others * * *." ORS 161.346(1)(a).

At petitioner's hearing, the state introduced evidence from petitioner's criminal proceeding, evaluations and tests conducted while petitioner was committed to the state hospital, and the testimony of petitioner's treating physician at the state hospital. That evidence contained diagnoses by petitioner's treating physician and others that petitioner was affected by an "antisocial personality disorder" and "alcohol dependence." Neither party identified any evidence in the record that petitioner suffered from any other mental disease or defect. At the hearing, the state argued that petitioner's alcohol dependence was a mental disease or defect, that petitioner presented a substantial danger to others, and that

---

[1] ORS 161.341(7)(a) provides that no person committed to a state hospital following a finding that the person is guilty except for insanity shall be held for more than 90 days from the date of the court's commitment order "without an initial hearing before the board to determine whether the person should be conditionally released or discharged."

petitioner's commitment to the state hospital and to the board's jurisdiction should be continued. Petitioner responded that alcohol dependence was a "personality disorder" as that term is used in ORS 161.295(2) and therefore is excluded from the definition of "mental disease or defect." Accordingly, petitioner argued that ORS 161.346(1)(a) required the board to discharge him. The board rejected petitioner's arguments and ordered that petitioner's commitment be continued.

Petitioner appealed, and the Court of Appeals reversed. *Ashcroft v. PSRB*, 192 Or App 467, 86 P3d 102 (2004). That court concluded that the record contained substantial evidence that petitioner suffers from alcohol dependence but, as noted, held that alcohol dependence is a personality disorder and, therefore, is not a mental disease or defect within the meaning of ORS 161.295(2).[2] *Id.* at 469. We allowed the board's petition for review.

In *Tharp*, this court reviewed in detail the statutes that authorize a court in a criminal proceeding to find a person guilty except for insanity because of a "mental disease or defect," the procedures by which a court may order a person found guilty except for insanity committed to the jurisdiction of the board, and the procedures by which a person so committed may be discharged if the board determines, after a hearing, that the person is no longer affected by a mental disease of defect. 338 Or at 415-16, 420-22. *Tharp* then considered the meaning of the term "mental disease or defect" and the legislature's exclusion from that term of "an abnormality manifested only by repeated criminal or otherwise antisocial conduct * * * [or] any abnormality constituting solely a personality disorder."[3] ORS 161.295(2). *Id.* at 420-30. After

---

[2] The Court of Appeals rejected the board's alternative argument that petitioner "should be judicially estopped from arguing that alcohol dependence is not a mental disease or defect because he took the converse position in entering the plea of guilty except for insanity in the criminal proceeding that resulted in his commitment to [the board's] jurisdiction." *Ashcroft*, 192 Or App at 469. The board did not petition for review of the Court of Appeals decision on that issue, and we do not discuss it further.

[3] As this court noted in *Tharp*, the legislature excluded "any abnormality constituting solely a personality disorder" from the term "mental disease or defect" in 1983, while the exclusion of repeated criminal or antisocial conduct had been part of the statute since 1971. *Tharp*, 338 Or at 424-25.

reviewing the text of the statute and the legislative history, this court concluded that "substance dependency" is a "personality disorder" as that term is used in ORS 161.205(2), and therefore is not a "mental disease or defect." *Id.* at 430.

This court's decision in *Tharp*, including our analysis of the relevant statutes and the legislative history, demonstrates that alcohol dependence, like the drug and substance dependence that we discussed in *Tharp*, is a "personality disorder." *See Tharp*, 338 Or at 430 ("The legislative history shows that the legislature intended to exclude personality disorders such as drug and alcohol dependency from the terms 'mental disease' and 'mental defect' as it used those terms in ORS 161.295."). The Court of Appeals correctly so held in this case, and we therefore affirm that decision.

The decision of the Court of Appeals is affirmed. The order of the Psychiatric Security Review Board is vacated, and the case is remanded to the board for further proceedings.