FOR PUBLICATION

ATTORNEYS FOR APPELLANTS
: 
ATTORNEYS FOR APPELLEE
:

CHARLES E. TALMAGE PHILLIP A. RENZ

THOMAS N. NUTTLE
 
MONICA S. WEAVER

Talmage & Nuttle Miller Carson Boxberger & Murphy LLP

Elkhart, Indiana Fort Wayne, Indiana

IN THE

COURT OF APPEALS OF INDIANA

CARRIE RIVERA, a minor, by next friend, )

CHRISTOPHER RIVERA, parent, CAROL A. )

RIVERA, and CHRISTOPHER RIVERA, )

)

Appellants-Plaintiffs, )

)

vs. ) No.  20A03-9803-CV-139

)

CITY OF NAPPANEE, )

)

Appellee-Defendant. )

APPEAL FROM THE ELKHART SUPERIOR COURT NO. 5

The Honorable James W. Rieckhoff, Judge

Cause No. 20D05-9612-CT-595

December 29, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

Members of the Rivera family (referred to collectively as "the Riveras") appeal the trial court's grant of a motion for judgment on the pleadings filed by the City of Nappanee ("City").  The Riveras raise a single issue for our review which we rephrase as whether the trial court erred in determining that the Riveras' complaint for emotional distress damages failed to state a claim for relief.

We affirm.

Christopher Rivera is the father of now seven-year-old Christopher Rivera III (sometimes referred to as "minor son").  In February 1996, Christopher took his minor son and young daughter Carrie to a playground that is owned and operated by City.  Minor son climbed a fence that separated the playground from a neighboring swimming pool.  After reaching the top, the child became entangled in wires positioned on the fence and sustained bodily injury to his arms and hands.  Carrie saw her young brother become entangled in the wires and also witnessed his injured body.  Christopher carried minor son to their nearby home where his wife Carol administered first aid.  Minor son was later transported to a hospital where his wounds were treated.  Thereafter the Riveras filed a four count complaint against City alleging various theories of liability.  Count four of the complaint sought damages for emotional distress.  In response City filed a motion for judgment on the pleadings concerning count four only.  After conducting a hearing, the trial court granted the motion.  This appeal followed.

A motion for judgment on the pleadings pursuant to Ind. Trial Rule 12(C) attacks the legal sufficiency of the pleadings.  
Richards-Wilcox, Inc. v. Cummins
, 700 N.E.2d 496, 499 (Ind. Ct. App. 1998).  A trial court should grant a T.R. 12(C) motion only where it is clear from the pleadings that the non-moving party cannot in any way succeed under the operative facts and allegations therein.  
Noblesville Redevelopment Comm’n v. Noblesville Assocs. Ltd. Partnership
, 674 N.E.2d 558, 562 (Ind. 1996).  Our review of the trial court's ruling is 
de novo
.  
National R.R. Passenger Corp. v. Everton By Everton
, 655 N.E.2d 360, 363 (Ind. Ct. App. 1995), 
trans. denied
.  We accept as true the well-pleaded material facts alleged in the complaint, and our review is confined to information included in the pleadings.  
Noblesville Redevelopment Comm'n
, 
supra
.  

Arguing that an assault can provide the basis for a claim of intentional infliction of emotional distress, the Riveras contend the trial court erred in granting City's motion for judgment on the pleadings.  According to the Riveras their complaint supports an assault theory of liability.  Conceding that the theory is "not explicit on the face of the complaint" the Riveras argue "[t]he theory of 
assault
 as it applies to this case was set out in plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings . . . and at oral argument . . . ."  Brief of Appellants at 9.  Thus, the argument continues, "the trial court erred in its ruling by not including 
assault
 in its analysis of the intentional torts contemplated by the complaint."  
Id.
 (emphasis in original). 

We first observe 
that neither a motion nor a party's response to a motion is considered a pleading.  
State Exchange Bank of Culver v. Teague
, 495 N.E.2d 262, 267 (Ind. Ct. App. 1986); 
Smith v. City of South Bend
, 399 N.E.2d 846, 850 (Ind. Ct. App. 1980).  
Rather pleadings consist of (1) a complaint and answer, (2) a reply to a denominated counterclaim, (3) an answer to a cross-claim, (4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14, and (5) a third-party answer.  
See
 Ind. Trial Rule 7(A).  Thus, to the extent the trial court discounted the Riveras' responsive motion and oral representations in determining whether City was entitled to relief, the trial court did not err. 

The tort of intentional infliction of emotional distress was first recognized by our supreme court in 
Cullison v. Medley
, 570 N.E.2d 27, 31 (Ind. 1991).  "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress."  
Id
. (quoting Restatement (Second) of Torts § 46 (1965)).  The court went on to explain "[i]t is the intent to harm one emotionally that constitutes the basis for the tort of an intentional infliction of emotional distress."  
Id.
  Based on 
Cullison
 it appears that under some certain circumstances an assault may support a claim for emotional distress damages.  An assault is effectuated "when one acts intending to cause harmful or offensive contact with the person of the other or an imminent apprehension of such contact."  
Cullison
, 570 N.E.2d at 30.  However even assuming the Riveras' complaint alleges facts sufficient to claim an assault, such an assault, if any, was alleged to have been committed against minor son only, and not the remainder of the Rivera family.  Nowhere in the Riveras' complaint are there allegations or reasonable inferences arising therefrom that the City intended to cause harm to the Riveras.  At most the allegations in the complaint may arguably support a claim for intentional conduct as it relates to minor son. However as the Riveras point out in their brief, Christopher's own claim for emotional distress included in Count IV was not in issue and was not dismissed.  Brief of Appellant at 7 n.4.  It is clear from the pleadings that the Riveras cannot in any way succeed on their claim of intentional infliction of emotional distress.  Accordingly the trial court did not err in dismissing that portion of the Riveras' complaint alleging such entitlement.

The Riveras also complain the trial court erred in granting City’s motion for judgment on the pleadings because their complaint alleges facts sufficient to support a claim for  negligent infliction of emotional distress.  In 
Shuamber v. Henderson
, 579 N.E.2d 452 (Ind. 1991) a mother, son, and daughter were traveling in an automobile that was struck by a drunk driver.  Mother and daughter suffered various physical injuries in the accident and the son was killed.  Mother and daughter filed suit and among other things sought damages for the emotional distress they suffered from watching their son/brother die.  
Id.
  Indiana's traditional "impact rule" precluded mother and daughter from obtaining relief.  The rule required that damages for mental distress or emotional trauma could be recovered only where the distress was accompanied by and resulted from a physical injury caused by an impact to the person seeking recovery.  Although not abolishing the rule, our supreme court modified it as follows:

When, as here, a plaintiff sustains 
a direct impact by the negligence of another and, by virtue of that direct involvement
 sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, . . . such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.  

Shuamber
, 579 N.E.2d at 456 (emphasis added).  Seizing on the phrase "by virtue of that direct involvement," the Riveras contend they are entitled to recover for emotional distress damages.  More specifically the Riveras point out that Carrie saw her brother become entangled in the fence and witnessed his injuries, and that both Christopher and Carol administered first aid to minor son.  The foregoing activity, according to the Riveras, is the "direct involvement" anticipated by 
Shuamber
.  The Riveras also contend that several opinions of this court requiring "physical impact" as opposed to "direct impact" are not consistent with 
Shuamber
.  
See
, 
e.g.
, 
Conder v. Wood
, 691 N.E.2d 490, 493 (Ind. Ct. App. 1998), 
trans. granted
; 
Etienne v. Caputi
, 679 N.E.2d 922, 926 (Ind. Ct. App. 1997); 
Gorman v. I & M Elec. Co., Inc.
, 641 N.E.2d 1288, 1290 (Ind. Ct. App. 1994), 
trans. denied
; 
Miller v. May
, 656 N.E.2d 1198, 1200 (Ind. Ct. App. 1995), 
trans. denied
.  

 We disagree with the Riveras' reading of 
Shuamber
.  Mother and daughter in that case  clearly suffered physical impact by virtue of their presence in the automobile when the collision occurred.  True, as the Riveras contend, no weight was given to this requirement.  However, this requirement was not at issue.  Rather, the primary issue in 
Shuamber
 was whether mother and daughter could recover emotional distress damages when their distress was caused not by the physical injuries they suffered but rather by witnessing their son/brother suffer.  Acknowledging that mother and daughter had no chance to recover emotional distress damages resulting from witnessing such trauma, our supreme court  eliminated two elements of the traditional "impact rule," namely: the physical injury requirement and the requirement that a plaintiff's emotional trauma must result from her own injuries.  As modified, the rule still requires physical impact as distinguished from physical injury.  Indeed as the supreme court pointed out "[t]his rule is known as the 'impact rule' because of the requirement that there be some physical impact on the plaintiff before recovery for mental trauma will be allowed."  
Shuamber
, 579 N.E.2d at 454.

Contrary to the Riveras' argument the "that direct involvement" language of the rule cannot be read in isolation from the "a direct impact" language.  The term "a direct impact" qualifies what is meant by "that direct involvement."  Stated somewhat differently in the context of the modified impact rule "direct involvement" and "direct impact" are one and the same.  As we have already indicated the modified impact rule still requires physical impact. We decline the Riveras' invitation to engage in hairsplitting on whether direct impact and direct physical impact are synonymous.  For purposes of the rule, there is no difference.  The pleadings in this case are clear that the Riveras suffered no physical impact direct or otherwise from witnessing minor son suffer injury.  Accordingly the trial court properly granted City's motion for judgment on the pleadings on the Riveras' claim of negligent infliction of emotional distress.

Judgment affirmed. 

RILEY, J., and GARRARD, J., concur.