Kyle **DAVIS**, a Minor, By His Parents and Natural Guardians, **Mark** and **Kristine DAVIS**, and **Mark** and **Kristine Davis**, Individually, Appellants–Plaintiffs,

v.

## FORD MOTOR COMPANY, Appellee–Defendant.

### No. 20A03–0010–CV–367.

Court of Appeals of Indiana.

May 9, 2001.

---

Jeffrey J. Stesiak, Sweeney, Pfeifer, Morgan & Stesiak, South Bend, IN, Attorney for Appellants.

Julia Blackwell Gelinas, Nelson D. Alexander, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Kyle Davis, by his parents and guardians, Mark and Kristine Davis, and Mark and Kristine Davis, individually, appeal the trial court's order granting judgment on the pleadings to Ford Motor Company (Ford), claiming that the trial court's action was contrary to law, and presenting the following restated issue:

> Where a defendant's motion for judgment on the pleadings is brought pursuant to Ind. Trial Rule 12(C) on the basis that the complaint fails to state a claim on which relief can be granted, does the trial court abuse its discretion by failing to treat the motion as one brought under Ind. Trial Rule 12(B)(6) and denying the plaintiff the right to amend the complaint?

We reverse.

### FACTS AND PROCEDURAL HISTORY

On June 17, 1997, Kristine Davis and Kyle Davis were involved in an automobile accident with Fisher, who at the time was acting within the scope of her employment with Exhibiteam, Inc. On July 28, 1998, the Davises filed suit against Fisher and Exhibiteam for the injuries they suffered in the accident. On June 9, 1999, Fisher and Exhibiteam filed an amended answer naming Ford as a potentially responsible non-party. Plaintiffs then amended their complaint to add Ford as a defendant.

On August 4, 1999, Ford filed an answer and a motion for judgment on the pleadings. No party requested a hearing, and the trial court did not schedule one. The parties engaged in discovery, but made no further amendments to the pleadings. On March 24, 2000, the trial court granted Ford's motion. The Davises now appeal.

### DISCUSSION AND DECISION

▮▮▮▮ The Davises contend that the trial court erred in granting Ford's motion

for judgment on the pleadings. A motion for judgment on the pleadings pursuant to T.R. 12(C) attacks the legal sufficiency of the pleadings. *Rivera ex rel. Rivera v. City of Nappanee*, 704 N.E.2d 131, 132 (Ind.Ct.App.1998), *trans. denied* (1999). In reviewing a trial court's decision on a motion for judgment on the pleadings, this court conducts a de novo review. *Transcontinental Ins. Co. v. J.L. Manta, Inc.*, 714 N.E.2d 1277, 1280 (Ind.Ct.App.1999); *Rivera*, 704 N.E.2d at 132. The test to be applied when ruling on an T.R. 12(B)(6) motion or a T.R. 12(C) motion that raises the defense of failure to state a claim upon which relief can be granted is whether, in the light most favorable to the non-moving party and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claim. *Anderson v. Anderson*, 399 N.E.2d 391, 406 (Ind.Ct. App.1979). In applying this test, the court may look only at the pleadings, with all well-pleaded material facts alleged in the complaint taken as admitted, supplemented by any facts of which the court will take judicial notice. *Id.* We will affirm the trial court's grant of a T.R. 12(C) motion for judgment on the pleadings when it is clear from the face of the pleadings that one of the parties cannot in any way succeed under the operative facts and allegations made therein. *Transcontinental Ins.*, 714 N.E.2d at 1280.

▆ The Davises maintain that Ford's motion should have been treated as a motion to dismiss pursuant to T.R. 12(B)(6) and contend that they should have been afforded the opportunity to amend their complaint. Under T.R. 12(B)(6), if the movant is successful, the non-movant may amend its pleading once as of right within ten days after service of notice of the court's order. By contrast, T.R. 12(C), contains no provision allowing amendment.

▆ Here, the basis of Ford's T.R. 12(C) motion was that the Davises' amended complaint "fails to state a claim upon which relief can be granted against Ford." *Record* at 69. T.R. 12(B) provides for certain defenses to be raised by motion, including "[f]ailure to state a claim upon which relief can be granted." T.R. 12(B)(6). We have stated:

> "The basic purpose of a T.R. 12(B)(6) motion to dismiss is to test the legal sufficiency of the complaint to state a redressable claim. Thus, the motion is properly utilized to test the legal sufficiency of the complaint; or, stated differently, to test the law of the claim, not the facts that support it."

*Anderson*, 399 N.E.2d at 405 (citations omitted). Ford's T.R. 12(C) motion relied on 12(B)(6) grounds. While entirely proper, *see id.*, the distinction between a motion to dismiss under T.R. 12(B)(6) and a motion for judgment on the pleadings under T.R. 12(C) is blurred in such cases. Nonetheless, it is this distinction which proved fatal to the Davises' claim.

▆ Wright and Miller [1] explain the distinction between a Rule 12(b) and Rule 12(c) motion as follows:

> "The granting of a Rule 12(b) motion merely means that plaintiff has failed to satisfy one of the procedural prerequisites for asserting his claim for relief. A motion for judgment on the pleadings, however, theoretically is directed towards a determination of the substantive merits of the controversy."

*Boehne v. Camelot Village Apartments*, 154 Ind.App. 21, 28, 288 N.E.2d 771, 775, (1972) (federal rules and case law are helpful in interpreting Indiana Trial Rules).

---

1. Indiana's T.R. 12 is based on and nearly identical to its federal counterpart. Therefore, we may look to the construction of Federal Rule of Civil Procedure 12 for guidance on interpreting our own provision. *See*

5A, WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1369 at 532–33. While noting that a Rule 12(c) motion may be used to raise Rule 12(b)(6) defenses, Wright and Miller also opine:

"The mere fact that these procedural defects are raised in the guise of a Rule 12(c) motion should not affect the manner by which the court determines what essentially are Rule 12(b) matters. In this context, Rule 12(c) is merely serving as an auxiliary device that enables a party to assert certain procedural defenses after the close of the pleadings."

5A, WRIGHT & MILLER, § 1368 at 515–16. Thus, a T.R. 12(B) motion is essentially procedural, while a T.R. 12(C) motion is substantive unless it is brought on T.R. 12(B) grounds.

A distinction between 12(C) motions based on procedural, or 12(B), reasons versus those based on substantive reasons has been recognized by some courts. In *Bushnell Corp. v. ITT Corp.*, 973 F.Supp. 1276 (D.Kan.1997), the plaintiff asserted several causes of action against the defendant, including defamation, tortious interference with contract, and antitrust violations. After filing its answer, the defendant moved for judgment on the pleadings on these claims on both procedural and substantive bases. The court noted that the defendant's course of challenging the sufficiency of the complaint by means of a motion for judgment on the pleadings was acceptable under the trial rules, but that it deprived the plaintiff of its right to amend its complaint. The court determined that "it should treat purely procedural failings differently from the failure to state a claim for substantive reasons." *Id.* at 1280.

The court held that where the challenge to the claim is substantive, "the motion more comports with the usual purpose of a motion under rule 12(c), and judgment in favor of defendant is appropriate if the challenge is successful." *Id.* at 1282. By contrast, if the failing is purely procedural, i.e., the pleading requirements have not been met, "judgment for defendant is not necessarily the proper result.... Rather, ... plaintiff should be permitted to cure the procedural deficiencies by filing an amended complaint." *Id.* The court concluded:

"Thus, where defendant argues that plaintiff has not pled a claim with sufficient particularity, the motion is more in the nature of a rule 12(b)(6) motion. If the court agrees that plaintiff's pleading is deficient, it will allow plaintiff to amend, as it routinely would in addressing motions filed before the close of the pleadings."

*Id.* at 1282. Ultimately, the court held that some of plaintiff's claims were ripe for judgment on the substantive issues, while others were being challenged on procedural grounds. Accordingly, it did not permit amendment of the complaint with respect to the claims being challenged on a substantive basis, but did permit amendments were the defendant alleged only that plaintiff's complaint was insufficient. *Id.*

In *Anderson*, 399 N.E.2d at 405, the plaintiff sued her former husband, an attorney, for several causes of action arising from their dissolution and property settlement. After the pleadings had closed, the former husband moved to dismiss the complaint under T.R. 12(C) because it failed to state a claim. The trial court granted the motion and did not afford the former wife an opportunity to amend. On appeal, we held that the trial court did not err in dismissing the complaint because the facts alleged in the complaint barred the former wife's claim by invoking the doctrine of res judicata. Thus, in ruling upon the T.R. 12(C) motion, the court had only to examine the complaint to determine that it did

not state a claim upon which relief could be granted. *Id.*

We also held, however, that the trial court erred in entering a judgment dismissing the complaint. Because T.R. 12(B) allows a party an absolute right to amend a pleading when a motion to dismiss for failure to state a claim is sustained, we determined that the former wife had a right to amend also, even though the motion to dismiss was brought pursuant to T.R. 12(C). *Id. See also Gregory & Appel, Inc. v. Duck,* 459 N.E.2d 46, 49 (Ind. Ct.App.1984) ("where a 12(B)(6) defense is raised by a 12(C) motion for judgment on the pleadings, the court must treat the motion pursuant to 12(B)(6) and accord the non-moving party ten days to amend as a matter of right.").

A motion for judgment on the pleadings should be granted only when it is clear from the face of the complaint that under no circumstances could relief be granted. *Nat'l R.R. Passenger Corp. v. Everton by Everton,* 655 N.E.2d 360, 363 (Ind.Ct.App.1995), *trans. denied* (1996). Here, that is not the case. The complaint alleges that the Davises were injured when Exhibiteam's van driven by Fisher collided with the vehicle in which they were riding. The complaint also alleges that Ford may be responsible. Nothing in these allegations reveals a reason why relief could not be granted under any set of circumstances. Rather, the pleadings do not disclose the set of facts under which the Davises are proceeding against Ford. Accordingly, we agree that the Davises' complaint fails to state a claim. However, the Davises should have been given an opportunity to amend their complaint.

Ind. Trial Rule 1 states that the Indiana Trial Rules should "be construed to secure the just, speedy and inexpensive determination of every action." In accordance with this overall philosophy, we do not believe that the plaintiff's right to amend the complaint should be based on whether the defendant's challenge to its sufficiency is brought under the guise of T.R.12(B)(6) or T.R. 12(C). Similarly, a defendant should not be able to secure a competitive advantage by waiting to challenge a complaint until after pleadings have closed for reasons that are apparent well before then. There is no principled reason why the fact of closed pleadings should be determinative of the plaintiff's right to amend his or her complaint when the basis of the motion for judgment on the pleadings is the failure of the complaint to state a claim. Here, the trial court abused its discretion in refusing to allow the Davises to amend their complaint after granting Ford's motion for judgment on the pleadings.

Reversed.

SHARPNACK, C.J., and MATTINGLY–MAY, J., concur.