**FOX DEVELOPMENT,
INC., Appellant,**

v.

**Michael ENGLAND and Cheryl
England, Appellees.**

No. 29A02–0505–CV–427.

Court of Appeals of Indiana.

Nov. 14, 2005.

Theodore J. Minch, Sovich Minch, LLP, McCordsville, for Appellant.

Thomas T. Wellman, Holt Fleck & Romine, Noblesville, for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Fox Development, Inc. ("Fox") appeals from the trial court's order granting the motion of Michael England and Cheryl England ("the Englands") for judgment on the pleadings after Fox filed a complaint alleging breach of contract. Fox presents three issues for review, which we consolidate and restate as:

1. Whether the Englands' motion for judgment on the pleadings should have been treated as a motion to dismiss under Indiana Trial Rule 12(B)(6) or a motion for summary judgment under Indiana Trial Rule 56.

2. Whether the trial court erred when it granted judgment on the pleadings in favor of the Englands.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On or about January 24, 2004, the Englands met with Fox's vice president, Robert T. Fox ("Robert"), and Fox's counsel to tour a house that Fox was building at 11493 Christie Ann Drive in Fortville ("the house"). Fox had listed the house for sale with Century 21 Rasmussen ("Century 21"). After the Englands expressed an interest in purchasing the house, Robert instructed Century 21 to mark the house as "sale pending." Appellant's Brief at 4.

On January 26, Fox's counsel e-mailed a real estate purchase agreement to the Englands. They, in turn, requested modifications to the agreement and agreed to meet again with a representative from Fox. On January 30, the Englands met with Fox's counsel at the house but did not execute the agreement. In fact, they never executed the agreement. Nevertheless, Fox later made improvements and performed finish work on the house based on discussions with the Englands about their preferences.

On March 14, 2004, the Englands informed Fox that they had purchased a different home. Fox's counsel demanded $10,000 in earnest money as provided in the unexecuted purchase agreement. The Englands refused to pay, and Fox filed a breach of contract action. The trial court granted the Englands' motion for judgment on the pleadings, and this appeal ensued.

### DISCUSSION AND DECISION

#### Issue One: Treatment of Motion

Fox contends that the trial court should have considered the Englands' motion for judgment on the pleadings as a motion to dismiss under Indiana Trial Rule 12(B)(6)

or a motion for summary judgment under Indiana Trial Rule 56. A motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C) or for failure to state a claim under Rule 12(B)(6) attacks the legal sufficiency of the pleadings. *Davis v. Ford Motor Co.*, 747 N.E.2d 1146, 1149 (Ind.Ct.App.2001), *trans. denied.* A motion filed under Rule 12(B)(6) requires the court to review only the complaint, while a motion filed under Rule 12(C) requires the court to review all pleadings filed in the case.[1]

■ Here, in their motion the Englands requested judgment on the pleadings under Rule 12(C). When the Englands filed the motion for judgment on the pleadings, the parties had filed their respective complaint and answer. The trial court's order granting the motion clearly indicates that judgment was rendered on the pleadings, indicating that the court entered judgment under Rule 12(C) after having reviewed all of the pleadings filed. We conclude that the trial court did not err when it decided the motion under Rule 12(C) instead of under Rule 12(B)(6).

■ Fox also contends that the trial court should have treated the Englands' motion as one for summary judgment. When the pleadings present no issues of material fact and the acts shown by the pleadings clearly entitle a party to judgment, the entry of judgment on the pleadings is appropriate. *Book v. Hester*, 695 N.E.2d 597, 599 (Ind.Ct.App.1998). But when a motion for judgment on the pleadings is predicated on matters extraneous to the pleadings, the motion should be treated in the same manner as a motion for summary judgment. *Id.* "Matters outside the pleadings" are those materials that would be admissible for summary

judgment purposes, such as depositions, answers to interrogatories, admissions, and affidavits. *Richards–Wilcox, Inc. v. Cummins,* 700 N.E.2d 496, 499 n. 3 (Ind. Ct.App.1998).

■ Here, the Englands did not rely on matters outside the pleadings in either their motion for judgment on the pleadings or in their brief in support of that motion. In the motion and the supporting brief, the Englands asserted that they were entitled to judgment on the complaint under Rule 12(C), and in support of that contention they refer only to the complaint. Still, Fox appears to suggest that the trial court should have sua sponte considered evidence outside the pleadings and treated the Englands' motion as one for summary judgment. But Fox fails to support that contention with cogent argument. Therefore, Fox has waived the argument. *See* Ind. Appellate Rule 46(A)(8)(a).

■ Waiver notwithstanding, we cannot agree with Fox's contention. Neither party designated materials outside the pleadings. At the hearing on the motion, the court responded to an inquiry regarding the standard to be applied by stating that the nature of the judgment, whether a summary judgment or a judgment on the pleadings, would be made clear in the court's entry. At the close of the hearing, the court announced its intention to reread the material that had been filed, the cases cited, and the pleadings, and in its order the court clearly states that it granted judgment on the pleadings. Moreover, the trial court did not give the parties notice that it would be treating the motion as one for summary judgment. *See* Ind. Trial Rule 12(B)(8) (noting that a trial court treating a motion to dismiss for failure to

---

**1.** Under Indiana Trial Rule 7(A), the term "pleadings" means a complaint and an answer, a reply to a denominated counterclaim, an answer to a cross-claim, a third-party complaint, and an answer to a third-party complaint.

state a claim as one for summary judgment "shall" give the parties reasonable opportunity to present all pertinent material); *Kolley v. Harris,* 553 N.E.2d 164, 167 (Ind.Ct.App.1990) (holding that the grant of summary judgment was erroneous because the trial court did not provide the parties with notice that it intended to treat the motion as a motion for summary judgment). Thus, we conclude that the trial court did not err when it decided the motion under Rule 12(C).

**Issue Two: Judgment on the Pleadings**

■ Fox next maintains that the trial court erred when it granted judgment on the pleadings in favor of the Englands. As we have noted, a motion for judgment on the pleadings pursuant to Rule 12(C) attacks the legal sufficiency of the pleadings. *Davis,* 747 N.E.2d at 1149. The test to be applied when ruling on a Rule 12(C) motion is whether, in the light most favorable to the non-moving party and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claim. *Id.* In applying this test, we may look only at the pleadings, with all well-pleaded material facts alleged in the complaint taken as admitted, supplemented by any facts of which the court will take judicial notice. *Id.* The standard of review is de novo, and we will affirm the trial court's grant of a Rule 12(C) motion for judgment on the pleadings when it is clear from the face of the pleadings that one of the parties cannot in any way succeed under the operative facts and allegations made therein. *Id.*

Fox claims that the trial court "incorrectly ruled that no genuine issue of material fact existed in this [c]ase" and "im-

properly found that, to a *certainty,* Fox would not be entitled to relief under *any* set of facts...." [2] Appellant's Brief at 12 (emphasis in original). In essence, Fox contends that the pleadings show that the breach of contract claim is legally sufficient by application of two exceptions to the statute of frauds, namely, part performance and promissory estoppel. But the Englands assert that Fox was required to plead exceptions to the statute of frauds in its complaint in order to survive a judgment on the pleadings. We agree with the Englands.

■ The statute of frauds does not govern the formation of a contract but only the enforceability of contracts that have been formed. *Dupont Feedmill Corp. v. Standard Supply Corp.,* 182 Ind.App. 459, 395 N.E.2d 808, 810 (1979). Contracts are formed when parties exchange an offer and acceptance. *Rosi v. Bus. Furniture Corp.,* 615 N.E.2d 431, 435 (Ind.1993). For an oral contract to exist, parties have to agree to all terms of the contract. *Kelly v. Levandoski,* 825 N.E.2d 850, 857 (Ind. Ct.App.2005), *trans. denied.* If a party cannot demonstrate agreement on one essential term of the contract, then there is no mutual assent and no contract is formed. *Id.* A meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract. *Id.* Whether a set of facts establishes a contract is a question of law. *Id.*

■ Here, Fox has adequately alleged the existence of an oral contract for the sale of real property. The complaint alleges that the parties agreed on the identity and location of the property to be sold, the purchase price, the date of closing, and the

---

**2.** In its brief, Fox appears to confuse the standard for determining summary judgment and the standard for determining a motion for judgment on the pleadings. As noted above, the trial court correctly treated the Englands' motion as one for judgment on the pleadings under Rule 12(C).

down payment. And in their answer, the Englands admitted to all allegations in the complaint for purposes of the Rule 12(C) motion. Thus, in this appeal, we conclude that the parties entered into an oral contract for the sale of real estate.

But the Englands also pleaded the statute of frauds as an affirmative defense with their answer. The statute requires that contracts for the sale of real property be in writing. Ind.Code § 32-21-1-1. The statute is intended to preclude fraudulent claims that would probably arise when one person's word is pitted against another's and that would open wide the flood-gates of litigation. *Perkins v. Owens*, 721 N.E.2d 289, 292 (Ind.Ct.App. 1999). Nevertheless, oral contracts for the sale of real property are voidable, not void. *Id.* Oral contracts for the sale of real property are excepted from the statute of frauds where there is part performance, *Perkins*, 721 N.E.2d at 292, or promissory estoppel, *Brown v. Branch*, 758 N.E.2d 48, 50 (Ind.2001).

In its brief on appeal, Fox alleges that exceptions apply to remove its oral contract with the Englands from operation of the statute of frauds. But Fox's complaint does not allege any exceptions to the statute of frauds, and the trial court was limited to a review of the complaint and the responsive pleading in deciding the Englands' motion. *See* T.R. 7(A), 12(C). The issue, then, is whether Fox was required to plead an exception to the statute of frauds in order to survive a motion for judgment on the pleadings. Because this case presents an issue of first impression in Indiana, we look to other jurisdictions for guidance.

The Missouri Court of Appeals has addressed this very issue. In *Holt v. Story*, 642 S.W.2d 394 (Mo.Ct.App.1982), the Holts entered into a written real estate contract with the Storys for the sale of real estate and alleged the existence of a subsequent oral modification to that contract. A dispute arose regarding the existence of the oral modification, and the Holts petitioned for a declaratory judgment to determine the rights and duties of the parties under the written contract and the oral modification. The trial court entered judgment on the pleadings in favor of the Storys because the Holts had failed to plead in their petition an exception to the statute of frauds. The Missouri court affirmed. That court noted that the sufficiency of the pleadings was at issue and held that the "failure to adequately plead any one of the elements necessary to invoke the exception to the statute of frauds [was] fatal to the petition." *Holt*, 642 S.W.2d at 396.

Likewise, Fox's complaint alleged an oral contract for the sale of real property, which on its face is unenforceable under the statute of frauds. Although no technical forms of pleading are required, *see* Indiana Trial Rule 8(E)(1), it was incumbent upon Fox to anticipate in the complaint, or to meet in an amended complaint, the Englands' affirmative defense that the breach of contract claim was barred by the statute of frauds. Thus, to overcome the statute, the complaint or an amended complaint should have alleged exceptions to the statute of frauds in order to survive a motion for judgment on the pleadings. Thus, we hold that the trial court did not err when it granted judgment on the pleadings in favor of the Englands.

Affirmed.

BARNES, J., and CRONE, J., concur.