UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006[*]
Decided November 22, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4546

| | |
|---|---|
| HOLLIS B. MEMBERS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division |
| *v.* | |
| CRAIG HANKS, et al., *Defendants-Appellees.* | No. 2:02-cv-265-JDT-WTL |
| | John Daniel Tinder, *Judge.* |

## O R D E R

Indiana state prisoner Hollis Members appeals the enforcement of a settlement agreement that resolved a civil suit he filed under 42 U.S.C. § 1983, alleging that prison officials failed to protect him from other prisoners. The district court ruled that the agreement was valid and enforced the settlement. We affirm.

Members's complaint alleged that despite warnings, prison officials failed to transfer him to another prison before he was assaulted by several other inmates.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

While his suit was pending in the district court, Members again requested a transfer to another facility—this time so he could be in a prison that was more convenient for his visitors. Shortly after Members made this request, the district court held a pretrial conference with the parties; according to the docket entry for this meeting, Members said that he "would dismiss this action" if his request for a transfer to a new facility was approved, and the defendants agreed to try to expedite the transfer. Within a week of the conference, Members's transfer was approved. But on the same day that Members received his approval, he wrote the court that he had changed his mind about his offer of dismissal because he realized that he had "suffered far too great to dismiss the suit."

The case went forward for another two years, during which time Members repeatedly was unsuccessful in persuading the defendants to settle. (Indeed, in one exchange, defendant's counsel wrote, "[y]ou fooled me once with a promise to settle, Mr. Members. You won't fool me twice.") Then, five weeks before trial, the defendants moved to dismiss the case, arguing that the district court should enforce the settlement to which the parties agreed at the pretrial conference two years earlier. Members opposed the motion, arguing that the agreement was not enforceable because the pretrial conference was not labeled a "settlement conference," because he never agreed to the terms of an agreement, and because he never signed a written contract. The district court determined that the parties had formed a valid agreement, and enforced Members's offer to dismiss. Specifically, the court ruled that the enforceability of the agreement did not depend upon whether the conference was called a "settlement conference" or whether the agreement was written. The court also concluded that the record contained sufficient evidence that Members had in fact agreed to settle his claim. We review the district court's decision to enforce a settlement agreement for an abuse of discretion. *Sims-Madison v. Inland Paperboard and Packaging, Inc.* 379 F.3d 445, 448 (7th Cir. 2004).

On appeal, Members argues that the district court abused its discretion by ruling that the settlement agreement was valid because he was not aware that he was entering into an enforceable contract.

Settlement agreements are considered contracts that are governed by state contract law, and here we look to Indiana law, *Sims-Madison* 379 F.3d at 448. In Indiana, a meeting of the minds is an essential element to the formation of a valid contract. *Fox Dev., Inc. v. England*, 837 N.E.2d. 161, 165 (Ind. Ct. App. 2005). The parties must both have the same intent to form a contract. *Zimmerman v. McColley*, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005). But their subjective intent is not relevant; rather, Indiana courts look to the outward manifestation of the parties' intent to determine if there truly has been a meeting of the minds. *Id*.

The district court correctly ruled that the record shows that both parties intended to form a contract, and the agreement was therefore the result of a meeting of the minds. First, on the day that Members received the transfer, he wrote to the court acknowledging his promise to dismiss his claim and asking to be let out of the agreement. In addition, the judge's docket entry for the pretrial meeting describes the offer of dismissal at the conference and that defendants' counsel agreed to make an effort to expedite the transfer. Finally, the defendants' counsel testified via affidavit that he believed that the parties agreed to a settlement at the pretrial conference. Based on these facts, the district court did not abuse its discretion.

Members also argues that the court improperly enforced a settlement agreement that was unconscionable because he was under duress when he agreed to it and that he feared for his safety if he remained at the prison. The defendants point out, however, that Members did not raise this argument until his appeal. Plaintiffs waive arguments against the enforcement of a settlement that they do not raise to the district court. *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 340 (7th Cir. 2000). As the district court specifically noted, Members did not allege any coercion or duress in the agreement that he made. Accordingly, Members has waived any argument that the settlement is not enforceable because he was under duress.

AFFIRMED.