## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 04 2020, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

William Stillwell
Penelope Stillwell
Clearwater Beach, Florida

ATTORNEYS FOR APPELLEES

Michelle A. Spahr
Peter A. Schroeder
Norris Choplin Schroeder LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Stillwell and
Penelope Stillwell,

*Appellants-Plaintiffs,*

v.

Cohen & Malad LLP,
Irwin B. Levin, Gregory L.
Laker, Daniel S. Chamberlain,
and Does 1 through 7, *inclusive,*

*Appellees-Defendants,*

June 4, 2020

Court of Appeals Case No.
19A-CT-2814

Appeal from the Marion Superior
Court

The Honorable P.J. Dietrick,
Judge

Trial Court Cause No.
49D12-1904-CT-17404

**Robb, Judge.**

# Case Summary and Issue

[1] William and Penelope Stillwell (collectively, "the Stillwells") filed a legal malpractice lawsuit against Cohen & Malad, LLP, Irwin Levin, Gregory Laker, and Daniel Chamberlain (collectively, the "Defendants"). Defendants filed a motion for judgment on the pleadings, in which they argued the Stillwells' claims were barred by the statute of limitations. Following a hearing, the trial court granted the motion. The Stillwells appeal raising six issues which we consolidate and restate as one: whether the trial court erred in granting Defendants' motion for judgment on the pleadings. Concluding the trial court did not err because the Stillwells' claims are barred by the statute of limitations, we affirm.

# Facts and Procedural History

[2] In August 2011, the Stillwells retained Chamberlain to represent them in a slip and fall/amputation injury case.[1] The parties signed a contingency fee agreement entitling Chamberlain to one-third of any recovery. A lawsuit was filed against the underlying defendants – Eagle-Kirkpatrick Management Company, Inc., Kirkpatrick Management Company, Inc., G.T. Services, Inc. d/b/a Green Touch Services, Inc., and Sycamore Springs Homeowners Association, and Section C Homeowners Association, Inc. – in Marion

---

[1] William was the physically injured party and Penelope pursued a claim for loss of consortium.

Superior Court. In 2014, Chamberlain became a partner at the law firm Cohen & Malad, LLP and the Stillwells agreed to allow Chamberlain to continue to represent them. Chamberlain assigned his rights to recover attorney fees and expenses under the contract to Cohen & Malad.

[3] In the fall of 2016, the parties reached a settlement pursuant to which the underlying defendants agreed to pay the Stillwells $200,000. The parties signed a memorandum of understanding formalizing their settlement agreement but continued to negotiate to resolve issues of possible third-party interests in the settlement amount. Several months later, the parties had worked out all the details of the agreement except for Medicare release language.

[4] On January 27, 2017, the Stillwells sent a letter to Irwin Levin, a managing partner at Cohen & Malad, and Laker, practice chair of the firm's personal injury practice, expressing their dissatisfaction with Chamberlain's representation. The Stillwells alleged they had been damaged by Chamberlain's "misconduct,[ ]lies, incompetent Medicare recovery handling, and violations of the rules of professional responsibility." Supplemental Appendix to Appellees' Brief, Volume II at 112. Specifically, they alleged:

> Mr. Chamberlain willfully acted against our express instruction.
>
> Mr. Chamberlain made a settlement offer to opposing counsel without consulting us.
>
> Mr. Chamberlain had an impermissible personal conflict of interest with a defendant party.

> Mr. Chamberlain frequently put demands on us for litigation work that was his duty.

> Mr. Chamberlain unfairly represented Dr. William Stillwell with respect to Dr. Stillwell's age and disability.

*Id.*

[5] Chamberlain subsequently moved to withdraw from the case; the Stillwells filed pro se appearances with the trial court on February 27. *See* Addendum to Appellees' Brief at 4. Around the same time, the underlying defendants filed a motion to enforce the settlement agreement because the Stillwells refused to execute the settlement documents. On April 7, 2017, Levin and Laker entered their appearances and filed a motion to intervene to assert a claim for attorney fees and expenses and to deposit the settlement funds with the clerk of court.[2] The Stillwells objected to the motion.

[6] The underlying defendants initially objected to Chamberlain's withdrawal; however, they withdrew their objection at an April 10, 2017 hearing during which the Stillwells stated they had no objection to his withdrawal, and the trial court granted the motion to withdraw in open court. *See* Supp. App. to Appellees' Br., Vol. II at 36-38. On May 2, the trial court issued an order related to the issues heard at the April 10 hearing. The trial court granted

---

[2] At some point, the underlying defendants tendered the settlement funds and Cohen & Malad held the funds in their trust account until the specifics of the disbursement were worked out.

Cohen & Malad's motion to intervene, allowed Cohen & Malad to deposit the settlement funds with the clerk of court, granted the underlying defendants' motions to enforce the settlement agreement, and reiterated that it had granted Chamberlain's motion to withdraw in open court on April 10. *See id.* at 118-20.

[7] On July 11, the trial court held a hearing on various outstanding motions. On July 26, the trial court issued orders enforcing the settlement agreement, entering judgment against the Stillwells and dismissing the case with prejudice as to the underlying defendants, and ordering the clerk of court to distribute the requested attorney fees and expenses to Chamberlain and Cohen & Malad and the remainder to the Stillwells. The Stillwells appealed, challenging the enforcement of the settlement agreement, Cohen & Malad's intervenor status, and the attorney fees and expenses they were ordered to pay. *Stillwell v. Eagle-Kirkpatrick Mgmt. Co., Inc.,* No. 49A02-1708-CT-1919 (Ind. Ct. App. July 6, 2018), *trans. denied, cert. denied*, 139 S.Ct. 2756 (2019). A panel of this court affirmed in all respects. *Id.* at *2-4.

[8] On April 30, 2019, the Stillwells filed their Complaint for Legal Malpractice, Attorney Deceit, Fraud Upon the Court, Breach of Fiduciary Duty, and Demand for Jury Trial.[3] Defendants' filed their answer to the Stillwells'

---

[3] The same day, the Stillwells also filed a legal malpractice claim against Price Waicukowski Joven & Catlin, LLC, the attorneys the Stillwells consulted regarding their contemplated malpractice action against Cohen & Malad. On June 21, 2019, the trial court consolidated the Stillwells' complaints for trial. *See* Appellants' Appendix, Volume 2 at 2-4. The trial court granted judgment on the pleadings in both cases, though at different times, and the Stillwells have appealed both orders under separate appellate cause numbers.

complaint on July 1 and attached several exhibits: Exhibit A, a certified copy of the previous Court of Appeals decision; Exhibit B, the transcript filed with the Court of Appeals in the prior appeal; Exhibit C, the Stillwells' January 27 letter to Cohen & Malad regarding Chamberlain's inadequate representation; and Exhibit D, the trial court's May 2 order stating Chamberlain's motion to withdraw was granted in open court and granting Cohen & Malad's motion to intervene. *See* Supp. App. to Appellees' Br., Vol. II at 7, 11-120.

[9] On August 20, 2019, Defendants filed a motion for judgment on the pleadings and supporting memorandum arguing that the Stillwells' claims are barred by the statute of limitations. The trial court held a hearing on the motion, and on October 18, the trial court issued an order granting Defendants' motion and finding that the Stillwells' claims are barred by the two-year statute of limitations. *See* Appealed Order at 5-8, ¶¶12-19.

[10] The Stillwells filed a motion requesting that the trial court certify its order granting judgment on the pleadings as a final and appealable order. Defendants filed a response arguing that the motion was moot because the judgment was already a final and appealable order, a point which the Stillwells conceded. On November 26, 2019, the trial court denied the Stillwells motion requesting the court certify the order granting judgment on the pleadings. *See* Supp. App. to Appellees' Br., Volume II at 161-62.

[11] The Stillwells filed their Notice of Appeal with this court on November 27. Defendants subsequently filed a Verified Motion to Dismiss Belated Appeal

contending the Stillwells failed to file their notice of appeal within thirty days of the final judgment, dated October 18. Defendants' motion to dismiss was denied,[4] and we now address the merits of the parties' arguments.

# Discussion and Decision

## I. Judgment on the Pleadings: Standard of Review

We review de novo a trial court's ruling on a Trial Rule 12(C) motion for judgment on the pleadings. *Murray v. City of Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010). We accept as true the material facts alleged in the complaint and base our ruling solely on the pleadings. *Veolia Water Indianapolis, LLC v. Nat'l. Trust Ins. Co.*, 3 N.E.3d 1, 4-5 (Ind. 2014). "We will affirm the trial court's grant of a T.R. 12(C) motion for judgment on the pleadings when it is clear from the face of the pleadings that one of the parties cannot in any way succeed under the operative facts and allegations made therein." *Davis ex. Rel. Davis v. Ford Motor Co.,* 747 N.E.2d 1146, 1149 (Ind. Ct. App. 2001), *trans. denied.*

---

[4] The Defendants ask this court to revisit the issue of whether the Stillwells' appeal should be dismissed due to the untimely filing of their notice of appeal. Even though our motions panel has already ruled on this issue, Defendants are not precluded from presenting their argument to us. *Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007). Nonetheless, we are reluctant to overrule issues decided by the motions panel. *Id.* In this case, despite the Stillwells' untimely notice of appeal, our motions panel exercised its discretion and allowed this appeal to proceed – a decision we will not second guess. *See In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014) (stating that a party's filing of an untimely notice of appeal does not "deprive the appellate courts of jurisdiction to entertain the appeal"); *see also* Indiana Appellate Rule 1. As such, we decline to reconsider the denial of Defendants' motion to dismiss and will address the merits of the Stillwells' arguments.

# II. Statute of Limitations

[13] The Stillwells argue the trial court improperly determined that their legal malpractice complaint was barred by the statute of limitations. Specifically, they contend that they filed their complaint within the two-year statute of limitations because Cohen & Malad remained in active litigation until July 10, 2017. We disagree.

[14] In this case, the Stillwells filed a complaint for legal malpractice raising several theories: legal malpractice, attorney deceit, breach of fiduciary duty, and fraud upon the court. Although they raise four theories, the substance of their entire complaint is a legal malpractice claim and we will evaluate it as such. *See Shideler v. Dwyer*, 275 Ind. 270, 276, 417 N.E.2d 281, 285 (1981) ("[I]t is the nature or substance of the cause of action, rather than the form of the action, which determines the applicability of the statute of limitations" (internal quotation omitted)).

[15] The statute of limitations for a legal malpractice action is two years. Ind. Code § 34-11-2-4(a) ("An action for . . . injury to personal property . . . or . . . a forfeiture of penalty given by statute . . . must be commenced within two (2) years after the cause of action accrues."). The statute of limitations for a breach of fiduciary duty claim or a civil action seeking treble damages for attorney deceit is also two years. *See id.*; *Bacompt Sys., Inc. v. Ashworth,* 752 N.E.2d 140, 145 (Ind. Ct. App. 2001) (stating that a breach of fiduciary duty claim is a tort claim for injury to personal property), *trans. denied*; Ind. Code § 33-43-1-8

(attorney deceit statute and action for treble damages); *Browning v. Walters*, 616 N.E.2d 1040, 1047 (Ind. Ct. App. 1993) (stating the statute of limitations for treble damages is two years).

[16]     For a cause of action to accrue, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Myers v. Maxson*, 51 N.E.3d 1267, 1276 (Ind. Ct. App. 2016), *trans. denied*.

> [L]egal malpractice actions are subject to the "discovery rule," which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another.

*Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003), *trans. denied*. And where the attorney continues to represent the client in the same matter in which the alleged malpractice occurred, the cause of action accrues at the termination of an attorney's representation of a client in the same matter in which the malpractice occurred. *Id.* at 766-67.

[17]     The Stillwells filed their complaint on April 30, 2019. Therefore, if their action accrued more than two years prior to that date – in other words, *before* April 30, 2017 – their claims are barred by the statutes of limitations. Defendants' answer and attached exhibits reveal that the Stillwells wrote a letter to Levin and Laker expressing their dissatisfaction with Chamberlain's representation on January 27, 2017. Therefore, as of January 27, more than two years before the

filing of their complaint, the Stillwells clearly believed they had sustained at least some injury as a result of Chamberlain's alleged inadequate representation. *See* Supp. App. to Appellees' Br., Vol. II at 112 (the Stillwells alleging in their letter they had been damaged by Chamberlain's "misconduct, [ ]lies, incompetent Medicare recovery handling, and violations of the rules of professional responsibility"). Chamberlain continued to represent the Stillwells after they sent the letter; however, soon thereafter, he moved to withdraw his representation of the Stillwells. The Stillwells then filed pro se appearances. *See* Appellants' App., Vol. 2 at 26, ¶ 35. Thus, the accrual date is the date that Cohen & Malad's representation of the Stillwells in the slip and fall case ended.

[18] The May 2, 2017 order included in the Defendants' answer establishes that at the *April 10* hearing, the Stillwells stated they had no objection to Chamberlain's motion to withdraw and the trial court granted the motion in open court. Therefore, Cohen & Malad's representation of the Stillwells was terminated on April 10, 2017 – more than two years before the Stillwells filed their legal malpractice action.

[19] To the extent the Stillwells argue that the statute of limitations did not begin to run until July 10, 2017 because Cohen & Malad was actively involved in the litigation until that time, they are incorrect. The trial court granted Cohen & Malad's motion to withdraw *as counsel for the Stillwells* on April 10 and during that same hearing, Mrs. Stillwell conceded she had "no relationship with Cohen & Malad as of this moment or a few moments ago." Supp. App. to Appellees' Br., Vol. II at 51. Following the hearing, after Chamberlain's

appearance on behalf of the Stillwells had already been withdrawn, the trial court issued an order granting Cohen & Malad's motion to intervene to deposit the settlement funds with the court. Cohen & Malad remained active in the case *as intervenors* for this purpose until the trial court issued its order enforcing the settlement agreement, entering judgment against the Stillwells, dismissing the case, and ordering the clerk to distribute attorney fees and expenses to Cohen & Malad.

[20] We conclude the allegations and facts contained in the pleadings demonstrate that the Stillwells' legal malpractice action accrued more than two years before they filed their complaint on April 30, 2019. Therefore, their claims are barred by the statute of limitations and "it is clear from the face of the pleadings that [they] cannot in any way succeed under the operative facts and allegations made therein." *Davis ex. Rel. Davis,* 747 N.E.2d at 1149. As such, the trial court properly granted Defendants' motion for judgment on the pleadings.

# Conclusion

[21] We conclude the Stillwells' claims are barred by the statute of limitations and therefore, the trial court did not err in granting the Defendants' motion for judgment on the pleadings. Accordingly, the judgment of the trial court is affirmed.

[22] Affirmed.

May, J., and Vaidik, J., concur.