## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2020, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

David Pannell
Pendleton, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Pannell,

*Appellant-Petitioner,*

v.

Robert Carter, et al.,

*Appellees-Respondents.*

October 30, 2020

Court of Appeals Case No.
19A-PL-2714

Appeal from the Marion Superior Court

The Honorable Patrick J. Dietrick, Judge

Trial Court Cause No.
49D12-1902-PL-8172

**Brown, Judge.**

[1] David Pannell appeals the trial court's denial of his motion for extension of time to file an amended complaint. We affirm.

*Facts and Procedural History*

[2] On February 28, 2019, Pannell filed a sixty-seven page complaint titled "Plaintiff's 42 U.S.C. §§ 1983, 1985(3), And 1986 Civil Rights Complaint" which alleged various claims involving his law books against Sarah Eads, Keith Hartzell, Robert Carter, Brian Smith, Betina West, Kevin Kirklen, Klayton Nauman, Tim Phegley, Chris Williams, Michael Osburn, and James Fugate ("Defendants"). Appellant's Appendix Volume II at 2.

[3] On April 24, 2019, Defendants filed an answer asserting in part that Pannell failed to state a claim upon which relief could be granted. On July 18, 2019, Defendants filed a motion for judgment on the pleadings. On August 12, 2019, Pannell filed a request for enlargement of time to respond to Defendants' motion for judgment on the pleadings. On August 14, 2019, the court granted Pannell an enlargement to and until August 25, 2019. On September 3, 2019, Pannell filed an "Emergency Motion for Extension of Time To File Response Defendant[s'] 12(C) Motion." *Id.* at 94. That same day, the court granted Pannell an enlargement to and until September 13, 2019.

[4] On September 25, 2019, the trial court granted Defendants' motion for judgment on the pleadings as to all claims contained in Pannell's complaint. On October 2, 2019, Pannell filed "Plaintiff's (Second) Emergency Motion For Extension Of Time To File Response To Defendant[s'] 12(C) Motion" which

requested an extension of time up to and including September 25, 2019, and stated that no additional enlargement of time would be necessary. *Id.* at 96. That same day, he filed a response to Defendants' motion for judgment on the pleadings. The court denied Pannell's response as untimely and moot and his motion for extension of time as moot.

[5] On October 10, 2019, Pannell filed a "Motion For Extension Of Time To File Amended Civil Complaint Pursuant To Ind. TR 12(B)(6)" in which he alleged that he was entitled to file an amended complaint up to ten days after service of the court's order granting Defendants' 12(C) motion pursuant to Ind. Trial Rule 12(B)(6). He asserted that "due to the complexities of the issues presented in [his] Complaint he is in need of additional time to file his Amended Complaint," and requested that the court grant him up to and including November 4, 2019, within which to file his amended complaint. *Id.* at 122. The court denied the motion that same day. Also that day, Pannell filed a "Motion to Alter/Amend Court's Judgment Granting Defendant[s'] 12(C) Motion," which the court denied. *Id.* at 119. On November 14, 2019, Pannell filed a notice of appeal.[1]

---

[1] Pannell's notice of appeal listed the date of the appealed order as October 10, 2019, and listed the title of the judgment/order being appealed as: "Motion to Correct Error." Notice of Appeal at 1. The notice of appeal contains a separate document listing the October 10, 2019 order denying Pannell's motion for extension of time to file an amended civil complaint and the October 10, 2019 order denying his motion to amend the court's judgment granting Defendants' Rule 12(C) motion.

## *Discussion*

[6] Although Pannell is proceeding *pro se*, such litigants are held to the same standard as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) (citing *Matter of G.P.*, 4 N.E.3d 1158 (Ind. 2014)). This Court will "not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016), *reh'g denied*.

[7] Pannell argues the trial court abused its discretion when it denied his motion for extension of time to file his amended complaint pursuant to Ind. Trial Rule 12(B)(6). He asserts that, "because the Appellees raised the [defense] of failure to state a claim in its Motion For Judgment on the Pleadings, and the court granted it, Appellant may amend his Civil Complaint once as of right pursuant to Rule 15(A) within ten 10 days after service of notice of the court's order."[2] Appellant's Brief at 26.

[8] Defendants assert that the substance of their motion was a motion for a judgment on the pleadings, not a motion to dismiss, and thus contrary to

---

[2] At the end of his argument section, Pannell states: "II. The Trial Court abused its discretion when it denied Appellant's Motion to Respond To Appellee's Motion For Judgment on the Pleadings on grounds that the 'Motion' was 'untimely' filed and 'moot.'" Appellant's Brief at 29. He also states: "III. Trial Court abused its discretion when it granted Appellee's Motion For Judgment on the Pleadings pursuant to Ind. TR. Rule 12(C)." *Id.* However, Pannell does not develop any argument under these headings or cite to the record. Accordingly, these issues are waived. *See* Ind. Appellate Rule 46(A)(8)(a) (argument must be supported by cogent reasoning and citations to authorities and the record); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (argument waived for failure to provide cogent argument), *reh'g denied, trans. denied*.

Pannell's argument, Trial Rule 12(B) does not apply. They also argue that justice did not require granting Pannell's motion, his request would cause undue delay, and he did not explain how amending his complaint would help his case or what part of his complaint he wanted to amend.

[9] Indiana Trial Rule 12(C) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The sufficiency of the pleadings' claims and defenses is tested by a motion for judgment on the pleadings under Trial Rule 12(C). *KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017). In reviewing a motion under Rule 12(C), a court must "base [its] ruling solely on the pleadings" and "accept as true the material facts alleged in the complaint." *Id.* (quoting *Veolia Water Indianapolis, LLC v. Nat'l Tr. Ins. Co.*, 3 N.E.3d 1, 5 (Ind. 2014)). "A motion for judgment on the pleadings is typically directed toward a determination of the substantive merits of the controversy." *Mourning v. Allison Transmission, Inc.*, 72 N.E.3d 482, 486 (Ind. Ct. App. 2017) (citing *Davis ex rel. Davis v. Ford Motor Co.*, 747 N.E.2d 1146, 1149 (Ind. Ct. App. 2001) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1369 (3d ed. 2004)), *trans. denied*).

[10] Ind. Trial Rule 12(B) provides for certain defenses to be raised by motion, including "[f]ailure to state a claim upon which relief can be granted." "A motion under Trial Rule 12(B)(6) is not the only way to raise a defense of failure to state a claim upon which relief can be granted." *Mourning*, 72 N.E.3d at 487. "This defense can also be made in a Trial Rule 12(C) motion or at

trial." *Id.* (citing Ind. Trial Rule 12(H)). "We have previously explained the relationship between Trial Rule 12(C) and Trial Rule 12(B) as follows: 'a T.R. 12(B) motion is essentially procedural, while a T.R. 12(C) motion is substantive **unless it is brought on T.R. 12(B) grounds**.'" *Id.* (quoting *Davis*, 747 N.E.2d at 1150) (emphasis added in *Mourning*). Accordingly, where a motion for judgment on the pleadings raises a defense of failure to state a claim upon which relief can be granted, the motion for purposes of that defense should be treated in the same manner as a Trial Rule 12(B)(6) motion to dismiss for failure to state a claim. *Id.* "The rationale for this rule is that a plaintiff's right to amend a complaint should not be based on whether the defendant's challenge to its sufficiency is brought under the guise of Trial Rule 12(B)(6) or Trial Rule 12(C)." *Id.* Under Rule 12(B)(6), if the movant is successful, the non-movant may amend its pleading once as of right within ten days after service of notice of the court's order. By contrast, Rule 12(C) contains no provision allowing amendment. *Davis*, 747 N.E.2d at 1149.

[11] Defendants' motion for judgment on the pleadings stated in part: "Plaintiff fails to state a claim against any of the Defendants in this matter." Appellant's Appendix Volume II at 149. The motion also stated:

> To be sure, the pleading standards required by the Indiana Trial Rules only require " a short and plain statement of the claim showing that the pleader is entitled to relief," Ind. R. Trial Proc. 8(A)(1), but the rules at least require some assertion of facts upon which relief could be granted. Ind. R. Trial Proc. 12(B)(6).

*Id.* at 157 (footnote omitted). Based upon the language in the Defendants' motion for judgment on the pleadings, we treat it as a motion to dismiss under Trial Rule 12(B)(6). *See Mourning*, 72 N.E.3d at 484 ("[A] defense of failure to state a claim upon which relief can be granted can be raised under either Trial Rule 12(B)(6) or Trial Rule 12(C). When raised in a Trial Rule 12(C) motion, the court must treat the motion pursuant to Trial Rule 12(B)(6) and, if granted, give the plaintiff ten days to amend the complaint once as of right."); *Gregory & Appel, Inc. v. Duck*, 459 N.E.2d 46, 49 (Ind. Ct. App. 1984) ("where a 12(B)(6) defense is raised by a 12(C) motion for judgment on the pleadings, the court must treat the motion pursuant to 12(B)(6) and accord the non-moving party ten days to amend as a matter of right."). Accordingly, Pannell had ten days to file an amended complaint as a matter of right. However, he failed to do so.

[12] Pannell's October 10, 2019 "Motion For Extension Of Time To File Amended Civil Complaint Pursuant To Ind. TR 12(B)(6)" did not include an amended complaint.[3] Appellant's Appendix Volume II at 122. Rather, he requested the court to grant an extension of time to file an amended complaint up to and including November 4, 2019. Ind. Trial Rule 12(B) provides in part:

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the

---

[3] We note that Pannell's October 2, 2019 motion also did not include an amended complaint.

motion *and thereafter with permission of the court pursuant to such rule*.

(Emphasis added).

[13] Indiana Trial Rule 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served" and thereafter "a party may amend his pleading only by leave of court or by written consent of the adverse party" and "leave shall be given when justice so requires." Amendments should be liberally allowed under Trial Rule 15(A), while giving proper regard for any prejudice to the nonmoving party. *United of Omaha v. Hieber*, 653 N.E.2d 83, 87 (Ind. Ct. App. 1995) (citing *Templin v. Fobes*, 617 N.E.2d 541, 543 (Ind. 1993)), *reh'g denied*, *trans. denied*. Although amendments to pleadings are to be liberally allowed, the trial court retains broad discretion in granting or denying amendments. *Hilliard v. Jacobs*, 927 N.E.2d 393, 398 (Ind. Ct. App. 2010), *trans. denied*. We will reverse only upon a showing of an abuse of that discretion. *Id.*

[14] An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.* We consider whether a trial court's ruling on a motion to amend is an abuse of discretion by evaluating a number of factors, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility

of the amendment." *Id.* (quoting *Palacios v. Kline*, 566 N.E.2d 573, 575 (Ind. Ct. App. 1991)). In reviewing a discretionary motion, we generally affirm if there is any rational basis for the trial court action. *Palacios*, 566 N.E.2d at 575. Trial court discretion is permitted because of the court's strategic advantage in balancing considerations for trial. *Id.*

[15] The record reveals the trial court granted Pannell an enlargement of time on August 14, 2019, to respond to Defendants' motion for judgment on the pleadings until August 25, 2019. Pannell did not file a response by August 25, 2019. On September 3, 2019, the court granted Pannell an enlargement of time to respond to Defendants' Rule 12(C) motion until September 13, 2019. Pannell did not file a response to Defendants' Rule 12(C) motion by September 13, 2019. Pannell's October 10, 2019 motion for extension of time to file an amended complaint occurred more than seven months after his February 28, 2019 complaint, more than five months after Defendants' April 24, 2019 answer, approximately eighty-five days after Defendants' July 18, 2019 motion for judgment on the pleadings, and fifteen days after the court's September 25, 2019 grant of Defendants' motion for judgment on the pleadings. Under these circumstances, we cannot say the trial court abused its discretion by denying Pannell's motion for an extension of time to file an amended complaint.

[16] For the foregoing reasons, we affirm the trial court.

[17] Affirmed.

[18] Robb, J., and Crone, J., concur.