105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John M. HOLLAND, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 95-3032.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.*
Decided Dec. 23, 1996.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 John Holland ("Holland") challenges his confinement at the Wabash Valley Correctional Institute ("WVCI")[1] pursuant to 28 U.S.C. § 2254, arguing that he is being required to serve time under an "installment plan" in violation of the Constitution. Because Holland has not shown that his confinement in Indiana pursuant to a life sentence unlawfully delays the imposition of his concurrent life sentence imposed by the Kentucky state courts, we affirm the district court's denial of his petition.
 
 
 2
 While serving a life sentence in Kentucky (for an unrelated offense), Holland was indicted for murder in Indiana in 1974. Pursuant to a warrant and an agreement (both executed in 1974) between the governors of Kentucky and Indiana, and after Holland agreed to be delivered to Indiana custody for purposes of answering the charges against him, Holland was delivered to the custody of Indiana to stand trial on the Indiana charges. In 1975, Holland was convicted and sentenced to life imprisonment in Indiana for committing Second Degree Murder and Murder in the Commission of a Robbery, although on appeal the Second Degree Murder conviction was vacated. See Holland v. State, 352 N.E.2d 752 (Ind.1976). The Indiana life sentence was ordered to run concurrently with the life sentence Holland was already serving in Kentucky. Following commitment to the Indiana Department of Corrections, Holland was returned to Kentucky (pursuant to the executive agreement) to complete his sentence.
 
 
 3
 Kentucky granted Holland parole in 1987. However, because Indiana had lodged a detainer against Holland, he was not released despite his insistence that he had not waived any challenge he had to being re-extradited to Indiana.[2] In addition, Indiana's governor served another request (pursuant to a 1989 executive order) upon Kentucky seeking Holland's delivery for completion of his life sentence. After unsuccessfully challenging his extradition in Kentucky's state courts until 1993,[3] Holland was delivered to Indiana to serve the remainder of his Indiana life sentence. Holland subsequently brought post-conviction proceedings in Indiana arguing that he was entitled to release because his extradition was unlawful and because he was entitled to complete his Kentucky sentence, including his parole which was scheduled to end in 1997, before being transferred to an Indiana prison. The Indiana appellate court rejected both arguments, noting that "[o]nce in Indiana, Holland cannot challenge his rendition from Kentucky" because the propriety of the extradition "is a matter that must be--and in this case was--litigated in the asylum state, the state from which the rendition occurs"; and moreover, that "the Kentucky governor has the authority to act and exercised his discretion to surrender Holland to Indiana, notwithstanding Holland's parole status, [therefore] the courts of Indiana have no power to reverse the Governor's decision."
 
 
 4
 After Indiana's Supreme Court denied further review, Holland filed a § 2254 petition, arguing that his extradition to Indiana unlawfully interrupts his Kentucky sentence, and causes him to serve that sentence pursuant to an unconstitutional "installment plan." The district court also rejected his argument, noting that it was Kentucky, not Indiana, which had extradited Holland before the expiration of his sentence, and thus, that there was no basis for habeas relief from confinement in Indiana. (R. at 23.)
 
 
 5
 On appeal, Holland again argues that his extradition to Indiana after Kentucky granted him parole unlawfully causes him to serve his Kentucky sentence in installments. In support of his petition, he points to the common law rule that forbids the government from "delay[ing] the expiration of a sentence either by postponing commencement of the sentence or by releasing the prisoner for a time and then reimprisoning him." See Dunne v. Keohane, 14 F.3d 335, 336, (7th Cir.), cert. denied, 114 S.Ct. 2182 (1994). He also contends that the transfer somehow nullifies his Indiana judgment by changing his sentence from a concurrent to a consecutive life sentence.
 
 
 6
 We readily reject both of these arguments. There is no constitutional rule prohibiting confinement in one state during the period of parole in another state, even on concurrent sentences. Kentucky had the authority to surrender Holland to Indiana even if he still is serving his Kentucky sentence in or out of prison. This was the conclusion of the Indiana state court, and Holland has not presented any reason for this court to overturn it. After Holland filed his petition, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214. Among other changes, the statute adds a new provision to 28 U.S.C. § 2254, under which Holland seeks relief. Section 2254(d) now provides that habeas petitions shall not be granted with respect to any claim adjudicated on the merits in state court proceedings (as this was) unless the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. (emphasis added). Although this law generally applies to pending cases, see Lindh v. Murphy, 96 F.3d 856, 865-66, 869 (7th Cir.1996) (en banc), petition for cert. filed, (U.S. Oct. 10, 1996) (No. 96-6298), the state has not argued the applicability of the new law in this case.[4]
 
 
 7
 Even if we treat the state's somnolence as a forfeiture, Holland is not entitled to relief under the prior law. The habeas remedy for "installment plan" incarceration, as discussed in Keohane, does not apply when there has been no postponement of the prisoner's sentence. See Keohane, 14 F.3d at 337. This is the situation here. Holland's Indiana life sentence ran concurrent with the Kentucky sentence from the time it was imposed. It did not cease to run when he was transferred back to Kentucky. Nor did his Kentucky sentence cease (to the extent parole is part of the criminal sentence) when Kentucky transferred him back to Indiana. Neither sentence has been delayed. Holland has not been subjected to sentencing under an "installment plan."
 
 
 8
 For the foregoing reasons, we AFFIRM the decision of the district court dismissing Holland's § 2254 petition.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Pursuant to Fed.R.App.P. 43(c), the caption has been changed to reflect the name of the current superintendent at the WVCI. Also, as explained in Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir.1996), Indiana's Attorney General, Pamela Carter, is not a proper respondent, and therefore is dismissed from this action. Accordingly, her name has been removed from the caption
 
 
 [2]
 Although the parties do not fully explain the exact nature of Indiana's detainer, it apparently stemmed from the 1974 executive agreement regarding Holland's extradition and from Holland's agreement to be extradited to Indiana to answer the charges against him. Holland unsuccessfully argued that the scope of his waiver only extended to the time period covering his trial and not the time period after Kentucky granted him parole
 
 
 [3]
 The record indicates that Holland contested his extradition in Kentucky courts until June of 1993, when extradition was granted. Undaunted, Holland then challenged his extradition in Indiana state courts, in the district court, and now in this court
 
 
 [4]
 Holland has not demonstrated a right to habeas relief based on Supreme Court authority, and thus his claim necessarily fails under the new law. See id. at 869