**Johnny Melvin HOLLAND,**
**Appellant–Plaintiff,**

v.

**Raymond RIZZO, Valerie Parker, Thor**
**Miller and Randall Gentry,**
**Appellees–Defendants.**

**No. 49A05–0612–CV–697.**

Court of Appeals of Indiana.

Aug. 28, 2007.

Johnny Melvin Holland Carlisle, IN, pro se.

Steve Carter, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

SHARPNACK, Judge.

Johnny Melvin Holland appeals the trial court's dismissal of his complaint against the members of the Indiana Parole Board ("Parole Board"). Holland raises one issue, which we revise and restate as:

I. Whether the trial court abused its discretion by treating the Parole Board's motion as a motion to dismiss rather than a motion for summary judgment;

II. Whether the trial court erred by concluding that Holland was not eligible for parole consideration under Ind.Code § 11–13–3–2; and

III. Whether the trial court erred by concluding that Holland was not subjected to cruel and unusual punishment in violation of the Eighth Amendment.

We affirm.

The relevant facts follow. On June 4, 1974, Holland was convicted of murder in Muhlenberg County, Kentucky and was sentenced to life in prison. In 1975, Holland was extradited to Indiana to stand trial for murder and felony murder in Vanderburgh County, Indiana. On April 30, 1975, Holland was convicted of murder in the second degree and felony murder. He was sentenced to 15 to 25 years imprisonment for murder in the second degree and life in prison for felony murder. On direct appeal, the Indiana Supreme Court vacated the judgment and sentence for murder in the second degree and corrected the sentence on the felony murder conviction to begin the life imprisonment sentence as of the date of sentencing, April 30, 1975. *Holland v. State,* 265 Ind. 216, 232, 352 N.E.2d 752, 762 (1976).

Holland returned to Kentucky to complete the service of his Kentucky sentence, and Kentucky granted Holland parole in January 1987. Holland was eventually extradited to Indiana to serve his sentence here. In April 1996, the Indiana Parole Board notified Holland that, under Ind. Code § 11–13–3–2, he was ineligible for parole release considerations.

Holland filed a complaint for declaratory judgment against the members of the Parole Board. Holland alleged, in part, that Ind.Code § 11–13–3–2 was ambiguous, that he was entitled to parole consideration, that the Parole Board's interpretation of the statute as to him violated the Eighth Amendment of the United States Constitution against cruel and unusual punishment, and that the Parole Board's interpretation of the statute "violate[d] the common law rule that forbids the Govern-

ment from 'delaying the expiration of a sentence.'" Appellant's Appendix at 22–23. The Parole Board filed a motion to dismiss pursuant to Ind. Trial Rule 12(B)(6). The Parole Board argued that, under the plain language of Ind.Code § 11–13–3–2, Holland was not entitled to parole consideration, that his sentence does not violate the Eighth Amendment, and that his common law rule argument was barred by res judicata because the Seventh Circuit rejected the same argument in *Holland v. Hanks*, 105 F.3d 660 (7th Cir.1996). The Parole Board attached a copy of *Holland v. Hanks* to its memorandum in support of its motion to dismiss. The trial court dismissed Holland's complaint as follows:

1. [Holland] is serving two sentences of life in prison for murder, one imposed in Kentucky and one imposed in Indiana.

2. Indiana Code § 11–13–3–2(b)(3) is clear and unambiguous on its face and Holland is not eligible for parole consideration because he has been convicted of two crimes and sentenced to two life sentences.

3. It does not matter whether both life sentences are imposed in Indiana or not. See Ind.Code §§ 35–50–2–1(b).

4. The refusal to give Holland parole eligibility does not violate the ban on imposing cruel and unusual punishment, given the standard for cruel and unusual punishment, the fact that when Holland committed his crimes he would not be eligible for parole and the fact that life sentences have been upheld for lesser crimes. *See Teer v. State*, 738 N.E.2d 283, 290 (Ind.Ct.App.2000); *see also White v. Indiana Parole Board*, 713 N.E.2d 327 (Ind.Ct.App. 1999), *reh'g denied, trans. denied; see also Dragon v. State*, 270 Ind.

223, 383 N.E.2d 1046 (1979); *see also McMahan v. State*, 269 Ind. 566, 382 N.E.2d 154 (1978).

5. Holland is not denied equal protection by the grant of parole to another offender who had an Indiana life sentence and a life sentence from another state because assuming those facts to be true, the Court cannot compound the error by repeating it and to do so would be legislating as to Holland.

6. The claim that Holland is being made to serve his sentences in installments, which is the core principle behind the common law rule that expiration of a sentence may not be delayed, was rejected by the Court in *Holland v. Hanks*, 105 F.3d 660, 1996 WL 738994 (7th Cir. December 23, 1996), and whether as collateral estoppel or merely because the opinion is correct and persuasive, Holland is not entitled to re-litigate the issue in this Court or to any relief whatsoever on this claim.

Appellant's Appendix at 59–60.

### I.

The first issue is whether the trial court abused its discretion by treating the Parole Board's motion as a motion to dismiss rather than a motion for summary judgment. Ind. Trial Rule 12(B) provides:

If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

"Matters outside the pleadings" are "those materials that would be admissible for summary judgment purposes, such as depositions, answers to interrogatories, admissions, and affidavits." *Fox Development, Inc. v. England*, 837 N.E.2d 161, 164 (Ind.Ct.App.2005).

██ Here, the Parole Board attached a copy of *Holland v. Hanks*, 105 F.3d 660 (7th Cir.1996), to its memorandum in support of the motion to dismiss. The trial court relied upon the opinion in granting the Parole Board's motion to dismiss. Even assuming that the trial court should have considered the motion to dismiss as a motion for summary judgment and given Holland a reasonable opportunity to present evidence, we note that the Indiana Supreme Court has held that the trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced. *Ayres v. Indian Heights Volunteer Fire Dep't, Inc.*, 493 N.E.2d 1229, 1233 (Ind.1986). The party must show how the material that would have been presented would have altered the outcome or the error is deemed harmless. *Id.*

Holland argues that "[a] thorough review of the briefs filed in the matter of *Holland v. Hanks* would show that the case was decided on the false premise that [Holland] was earning credit toward a final discharge from parole." Appellant's Brief at 6. In effect, Holland is arguing that he would have presented evidence demonstrating that the Seventh Circuit's opinion in *Holland v. Hanks* was wrong. "Our courts have generally accepted the rule that we must give full faith and credit to proceedings in federal courts." *Higgason v. Stogsdill*, 818 N.E.2d 486, 491 (Ind.Ct. App.2004), *trans. denied.* Even if Holland had been given the opportunity to present the briefs from the federal case and argue that the case was "decided on a false premise," Holland has not demonstrated how that material would have altered the outcome here. Moreover, the trial court considered *Holland v. Hanks* only with respect to Holland's argument that he was being made to serve his sentences in installments, and Holland does not raise this argument on appeal. Consequently, any error in the trial court's procedures is harmless.

## II.

██ The next issue is whether the trial court erred by concluding that Holland was not eligible for parole consideration under Ind.Code § 11–13–3–2. Holland argues that the trial court's interpretation of Ind.Code § 11–13–3–2 is erroneous because the statute is ambiguous.

██ "It has long been the law in Indiana that the Parole Board has almost absolute discretion in carrying out its duties and that it is not subject to the supervision or control of the Courts." *White v. Indiana Parole Bd.*, 713 N.E.2d 327, 328 (Ind.Ct.App.1999) (citing *Murphy v. Indiana Parole Bd.*, 272 Ind. 200, 204, 397 N.E.2d 259, 261 (1979)), *reh'g denied, trans. denied.* "Indeed, there is no constitutional or inherent right to parole release." *Id.* "Thus, our review of a decision from the Parole Board is limited to a determination of whether 'the requirements of Due Process have been met and that the Parole Board has acted within the scope of its powers.' " *Id.* (quoting *Murphy*, 272 Ind. at 204, 397 N.E.2d at 261). These powers are defined by statute. *Id.* Consequently, any right to parole release in Indiana must emanate from the parole release statutes. *Id.* The Indiana Supreme Court has held:

Suffice it to say that the legislature may abolish all paroles. If it may do such, it may also make parole more difficult or impossible in certain cases. The terms of parole are a matter of legislative policy. Statutes providing for consecutive sentences and statutes establishing conditions for parole are not 'vindictive justice' but represent the legislature's opinion of the best way to construct a reformative penal code. We are not at liberty to dispute the legislature's prerogative.

*Id.* (quoting *White v. State,* 263 Ind. 302, 309, 330 N.E.2d 84, 88 (1975)). Therefore, our review of whether Holland is entitled to parole consideration will be limited to statutory construction.

Resolution of this issue requires that we interpret Ind.Code § 11–13–3–2. When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. *Bolin v. Wingert,* 764 N.E.2d 201, 204 (Ind.2002). Thus, we need not defer to a trial court's interpretation of the statute's meaning. *Elmer Buchta Trucking, Inc. v. Stanley,* 744 N.E.2d 939, 942 (Ind.2001). "The first step in interpreting any Indiana statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question." *St. Vincent Hosp. & Health Care Center, Inc. v. Steele,* 766 N.E.2d 699, 703–704 (Ind.2002). If a statute is unambiguous, we must give the statute its clear and plain meaning. *Bolin,* 764 N.E.2d at 204. A statute is unambiguous if it is not susceptible to more than one interpretation. *Elmer Buchta Trucking,* 744 N.E.2d at 942. However, if a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's

intent and interpret the statute so as to effectuate that intent. *Bolin,* 764 N.E.2d at 204. We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Id.*

Ind.Code § 11–13–3–2(b), which governs parole and discharge eligibility for offenders sentenced for offenses under laws other than Ind.Code §§ 35–50, provides:

A person sentenced upon conviction of first degree murder or second degree murder to a term of life imprisonment is eligible for consideration for release on parole upon completion of twenty (20) years of time served on the sentence. A person sentenced upon conviction of a felony other than first degree murder or second degree murder to a term of life imprisonment is eligible for consideration for release on parole upon completion of fifteen (15) years of time served on the sentence. *A person sentenced upon conviction of more than one (1) felony to more than one (1) term of life imprisonment is not eligible for consideration for release on parole under this section.* A person sentenced to a term of life imprisonment does not earn credit time with respect to that term.

(emphasis added).

Holland argues that the emphasized portion of the statute above is ambiguous and that the statute refers only to multiple terms of life imprisonment imposed in Indiana. According to Holland, the Parole Board's interpretation that the statute refers to multiple terms of life imprisonment regardless of the state imposing the sentence is absurd because it has resulted in him being denied final discharge from his Kentucky life sentence.[1]

---

1. Holland has been paroled from his Kentucky sentence. However, under the relevant Kentucky statutes, he is not entitled to final discharge until he completes his active parole

supervision outside of prison. He cannot complete active parole supervision in Kentucky because, under Ind.Code § 11–13–3–2, he is not eligible for parole in Indiana.

We conclude that the language of Ind. Code § 11–13–3–2 is clear and unambiguous. Before 1979, offenders sentenced to life in prison were not eligible for parole release. *See White*, 713 N.E.2d at 331. In 1979, the General Assembly amended Ind.Code § 11–1–1–9.1 (repealed by Pub.L. No. 120, § 22 (eff. July 1, 1979)), to allow parole consideration for prisoners sentenced to a term of life imprisonment. *Id.* However, the statute specifically did not apply to prisoners serving more than one term of life imprisonment. *Id.* Now, the relevant statutory language provides: "A person sentenced upon conviction of more than one (1) felony to more than one (1) term of life imprisonment is not eligible for consideration for release on parole under this section." Although Holland wishes to limit the statute to Indiana convictions resulting in terms of life imprisonment, we may not add such a limitation to the language of the statute. If the General Assembly had intended to limit the application of the statute solely to Indiana convictions, it could have done so. However, the General Assembly did not impose such a limitation. Under the clear language of Ind.Code § 11–13–3–2, Holland is not entitled to parole consideration because he has been sentenced to more than one term of life imprisonment. It is irrelevant that one of the terms of life imprisonment was imposed in Kentucky. *Cf.* Ind.Code § 35–50–2–1 (defining the term "felony conviction" for purposes of Ind. Code §§ 35–50–2 as "a conviction, *in any jurisdiction* at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year"). The trial court did not err by granting the Parole Board's motion to dismiss on this basis.

### III.

■ The final issue is whether the trial court erred by concluding that Holland was not subjected to cruel and unusual punishment in violation of the Eighth Amendment. Holland argues that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment because his ineligibility for parole in Indiana means that he cannot obtain final discharge of his Kentucky sentence. Moreover, he argues that he will not be eligible for parole in Indiana until he obtains final discharge of his Kentucky sentence.

First, we note that Holland presents no case authority or argument to support his assertion that his sentence violates the constitutional prohibition against cruel and unusual punishment found in the Eighth Amendment. Accordingly, Holland has waived review of this issue. *See, e.g., Farris v. State*, 753 N.E.2d 641, 648 (Ind. 2001).

■ Waiver notwithstanding, the Eighth Amendment declares: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California*, 538 U.S. 11, 20, 123 S.Ct. 1179, 1185, 155 L.Ed.2d 108 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996–997, 111 S.Ct. 2680, 2702–2703, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment)). But "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Id.* at 21, 123 S.Ct. at 1185 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980)). The Court noted that the proportionality principle "would ... come into play in the extreme example ... if a legislature made overtime parking a felony punishable by life impris-

onment." *Id.* (quoting *Rummel,* 445 U.S. at 274, 100 S.Ct. 1133, n. 11).

Holland seems to argue that his parole ineligibility for his life sentence is cruel and unusual punishment. However, we find nothing disproportionate in Holland's parole ineligibility given his two life sentences based upon two separate murders. We conclude that the trial court did not err by rejecting Holland's argument that his parole ineligibility violated the Eighth Amendment's prohibition against cruel and unusual punishment. *See, e.g., Ewing,* 538 U.S. at 30–31, 123 S.Ct. at 1190 ("We hold that Ewing's sentence of 25 years to life in prison, imposed for the offense of felony grand theft under the three strikes law, is not grossly disproportionate and therefore does not violate the Eighth Amendment's prohibition on cruel and unusual punishments.").

For the foregoing reasons, we affirm the trial court's dismissal of Holland's complaint against the Parole Board.

Affirmed.

MAY, J., and BAILEY, J., concur.