

FILED

Mar 20 2015, 10:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jeffrey R. Wright
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert L. Holleman,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

March 20, 2015

Court of Appeals Case No.
45A03-1403-PC-90

Appeal from the Lake Superior
Court; The Honorable Samuel
Cappas, Judge, The Honorable
Natalie Bokota, Magistrate
45G04-7611-CR-266

**May, Judge.**

[1]     In 1976, Robert Holleman committed felony murder. He was sentenced to life in prison. Holleman had parole hearings in 1996, 2000, 2005, and 2010, and was denied release each time. Holleman underwent psychiatric and psychological assessments in 1997. The parole board did not seek a more current report on Holleman's psychological condition before the 2010 hearing, and a 2013 report indicated Holleman had progressed in some areas that were of concern in 1997. Holleman argues on appeal the parole board should have ordered an updated report and should have allowed Holleman to attend his public parole release hearing.

[2]     As the errors Holleman alleges were harmless, we affirm.

## Facts and Procedural History[1]

[3]     A prisoner subject to the law in effect when Holleman was sentenced is eligible to appear before the parole board after serving twenty years, and every five years thereafter. Ind. Code § 11-13-3-2(b)(3). Holleman appeared before the board four times after becoming eligible to do so.

[4]     The regular parole hearings are referred to as "facility hearings," and the parole board also conducts "public hearings" every month at the Indiana Government

---

[1] We heard oral argument February 17, 2015, in Indianapolis before the Indiana State Bar Association's Leadership Development Academy. We thank the Academy for including us in its program and we commend counsel for the quality of their advocacy.

Center and at two prisons.[2]  The public notice the parole board provided indicated Holleman's public hearing would be November 22, 2010, at 9:00 a.m., the same time and date as his facility hearing.  The public hearing occurred immediately before the facility hearing.

[5] Holleman was notified that he would appear before the parole board on November 22, and he did.  The notice did not indicate there would be two separate hearings, *i.e.*, the facility hearing and the public hearing, and Holleman was not permitted to attend the public hearing.  At the facility hearing, Holleman addressed the parole board, and the parole board asked him questions.  The post-conviction court found that at the end of his hearing "Holleman was told by the Board that his parole was denied due to the nature and circumstances of his offense."[3]  (App. to Br. of Petitioner-Appellant at 263.)

[6] After Holleman was denied parole in 2010, this court granted Holleman permission to file a successive petition for post-conviction relief.  Holleman alleged that, at the parole release hearing in 2010, he had been denied due process because he was not allowed to participate in his public hearing and because the parole board did not conduct a new "psychological investigation or

---

[2]  The State so characterizes the hearing procedure in its brief, but the pages of the transcript to which it directs us do not say anything about the hearing process.

[3]  Holleman was convicted of felony murder, but he did not kill anyone.  He was involved in a robbery after which another perpetrator shot and killed one of the robbery victims.

community investigation" to determine whether Holleman was mentally fit or fit to re-join society. (*Id*. at 12.)

[7] After Holleman's 1997 psychiatric and psychological evaluations, the record does not reflect any other evaluations were conducted until after Holleman appeared before the parole board in November 2010. There was a "physical and mental health section" in a progress report for Holleman dated October 22, 2010, that stated Holleman "had no current mental health diagnosis." (*Id*. at 269.) Holleman sought post-conviction relief, and he submitted a 2013 report based on a psychological evaluation conducted by Douglas Caruana, Psy.D. That report indicated Holleman had made progress in areas that were a concern in 1997, but Dr. Caruana testified before the post-conviction court that "Holleman suffers from both Axis I and Axis II mental health issues."[4] (*Id*.) Because Dr. Caruana "identifie[d] mental health issues that are not described in Holleman's progress report," (*id*.), the post-conviction court concluded "the [parole board's] failure to obtain an updated Psychological Evaluation benefitted Holleman, or at least, did not detriment [sic] his chances to be paroled." (*Id*.) The post-conviction court then denied his petition.

---

[4] "Axis I and Axis II" is a reference to the classification system of the Diagnostic and Statistical Manual of Mental Disorders (DSM). The DSM is a reference work compiled by the American Psychiatric Association that categorizes mental disorders on a multiaxial system. Axis I is reserved for all disorders except for personality disorders and mental retardation. Those are reported on Axis II. *Hanson v. Psychiatric Sec. Review Bd.*, 19 P.3d 350, 351 (Or. 2001)

## Discussion and Decision

[8] The parole board has almost absolute discretion in carrying out its duties, and it is not subject to the supervision or control of the courts. *Holland v. Rizzo*, 872 N.E.2d 659, 663 (Ind. Ct. App. 2007), *trans. denied*. There is no constitutional or inherent right to parole release, so our review of a decision from the parole board is limited to a determination whether the requirements of due process have been met and the parole board has acted within the scope of its powers as defined by statute. *Id.* Consequently, any right to parole release in Indiana must emanate from the parole release statutes. *Id.*

[9] As Holleman's current psychological and psychiatric condition was not a basis for the Board's denial of parole, any error in the Board's failure to obtain a current evaluation was harmless and we must therefore affirm.

[10] We may not reverse a decision unless the complaining party demonstrates it was harmed by the alleged error. *See, e.g.*, *Standifer v. State*, 718 N.E.2d 1107, 1110 (Ind. 1999) (a conviction will not be reversed if the error complained of did not contribute to the verdict); *Neese v. Kelley*, 705 N.E.2d 1047, 1050 (Ind. Ct. App. 1999) (Indiana adheres to the rule requiring a showing of prejudice before reversal may be granted; the complaining party has the burden of showing actual prejudice).

[11] Ind. Code § 11-13-3-3(j) provides "[i]f parole is denied, the parole board shall give the person written notice of the denial and the reasons for the denial." The parole board may not parole a person if it determines that there is substantial

reason to believe that the person will engage in further specified criminal activity or will not conform to appropriate specified conditions of parole. *Id.*

[12] A majority of the Board voted to deny Holleman parole because of "Nature and Seriousness of the Crime (Seriousness of the Offense)."[5] (Petitioner's Ex. 1 at 7.) Denial for that reason was not error.

[13] In *Murphy v. Indiana Parole Bd.*, 272 Ind. 200, 208, 397 N.E.2d 259, 264 (1979), Murphy argued the Parole Board violated his due process rights because it did not give adequate and sufficient reasons for the denial of parole. Specifically, he contended the Board, in merely stating parole was denied because of the "seriousness of the offense," failed to give any factual reasons for the denial, failed to give Murphy any indication of what he should do to make himself a more likely candidate for parole, and overlooked the positive aspects of his record. *Id.* Our Supreme Court noted the legislature "delegated to the Parole Board the responsibility of determining the conditions of early release, without further specification," *id.*, and concluded that when the Parole Board advised Murphy it was denying early release because of the "seriousness of his offense," its advisement met the requirement of procedural due process Murphy was owed.

---

[5] Two of the five members would have also denied parole based on "Institutional Conduct." (Petitioner's Ex. 1 at 7.) One member would have granted parole.

[14] Similarly, in *Young v. Duckworth*, 271 Ind. 554, 560, 394 N.E.2d 123, 127 (1979), *cert. denied sub. nom Young v. Indiana*, 445 U.S. 906 (1980), *reh'g denied*, Young's only complaint was that the reason given for the denial of parole, *i.e.*, "seriousness of the offense," was not a sufficient reason and was "necessarily arbitrary and a denial of due process." *Id.* Our Indiana Supreme Court affirmed the denial of Young's petition for writ of *habeas corpus*:

> [Young] was committed by a court in jurisdiction. He appeared before the parole board on three occasions. He was given hearings at which he was present and given an opportunity to speak. A correction was made in his institutional packet. He received a written statement of reasons for denial of parole approximately one week after his hearing. Young was afforded his constitutional right to due process of law and the denial of his parole was proper.

*Id*.

[15] As Holleman has not demonstrated an updated mental health evaluation could have affected the Board's determination he should be denied parole because of the "Nature and Seriousness of the Crime (Seriousness of the Offense)," any error was harmless.[6] We accordingly affirm.

[16] Affirmed.

Vaidik, C.J., concurs. Barnes, J., concurs with separate opinion.

---

[6] Holleman also argues on appeal he should not have been excluded from the public hearing portion of the parole review process. As he does not demonstrate his presence at the public hearing might have produced new insight into the nature and seriousness of the offense of which he was convicted, we do not address that allegation of error.

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jeffrey R. Wright
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Robert L. Holleman,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

Court of Appeals Cause No.
45A03-1403-1403-PC-90

**Barnes, Judge, concurring.**

[17] I concur with my colleagues that Holleman was not denied due process and that his parole was denied in a manner in accord with our statutes. The parole board's discretion in these matters is "almost absolute," as the majority notes, and its decisions are very difficult to overturn. *See Holland v. Rizzo*, 872 N.E.2d 659, 663 (Ind. Ct. App. 2007), *trans. denied*. I write separately to express my

opinion that, in a circumstance such as this, common sense and an overall aura of the concept called "justice" calls for a special look at this type of prisoner.

[18] Holleman is a lifer. That is, he was sentenced to an indeterminate term of life in prison with the possibility of parole before the revisions to our sentencing scheme in 1977 and 1978 took effect and abolished such sentences. As we were reminded in oral argument, there are less than 200 of these prisoners remaining in the Department of Correction. Most are over sixty years of age, and more than a few are considerably older than that.

[19] The point is that, in my opinion, when one of these prisoners comes to a parole hearing, the least the parole board could do would be to have a psychological report on the prisoner that is relatively recent. At the time of Holleman's 2010 parole hearing, the most recent psychological report had been prepared in 1997. Thus, at the 2010 hearing the parole board did not have current information regarding Holleman's mental health, which is an important criteria to consider when deciding whether to grant parole.

[20] I do not mean to suggest that any time a parole hearing is held for one of these prisoners that an exhaustive psychological report must be compiled. But I do think the parole board should do better than it did here.