## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2018, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sarah Graziano
Hensley Legal Group, PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE CITY OF COLUMBUS

Joseph M. Hendel
Stephenson Morow & Semler
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Teresa Barton,

*Appellant-Plaintiff,*

v.

Columbus Robotics, Inc., Columbus Festival of Lights, Inc., Paragon Meeting & Events, LLC, The City of Columbus, Indiana, and Reising Radio Partners, Inc.,

*Appellees-Defendants*

February 27, 2018

Court of Appeals Case No. 03A01-1709-CT-1978

Appeal from the Bartholomew Superior Court

The Honorable Kathleen Tighe Coriden, Judge

Trial Court Cause No. 03D02-1607-CT-4147

**Crone, Judge.**

# Case Summary

Teresa Barton was injured while attending an annual parade held in Columbus. She filed a personal injury action against Columbus Robotics, Inc. ("Robotics"), Columbus Festival of Lights, Inc., the City of Columbus, Indiana (the City"), and Reising Radio Partners, Inc. (collectively "the Defendants"). The City requested dismissal on the basis that it was entitled to governmental immunity pursuant to Indiana Code Section 34-13-3-3(11). The trial court granted the City's motion to dismiss, and Barton claims that this was error. Finding no error, we affirm.

# Facts and Procedural History

On December 6, 2014, Barton attended the annual Festival of Lights parade in Columbus. During the parade, a robotics display veered from its designated course and struck Barton, injuring her. Barton filed a personal injury action against Robotics. Based on Robotics' responsive pleading, Barton filed a motion for leave to amend her complaint to add the remaining Defendants, which the trial court granted.

Shortly thereafter, the City filed a motion to dismiss Barton's amended complaint, claiming that Barton stated no operative facts to put it on notice concerning its potential liability. Barton filed a second motion for leave to amend her complaint, which was granted. The City filed a Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, asserting that it was entitled to statutory governmental immunity. The trial

court issued an order granting the City's motion and dismissed the City as a defendant. This interlocutory appeal ensued. Additional facts will be provided as necessary.

## Discussion and Decision

[4] Barton contends that the trial court erred in granting the City's motion to dismiss. A Trial Rule 12(B)(6) motion to dismiss "tests the legal sufficiency of the complaint, requiring that we accept as true all facts alleged in the complaint." *Esserman v. Ind. Dep't of Envtl. Mgmt.*, 84 N.E.3d 1185, 1188 (Ind. 2017). "We review 12(B)(6) motions de novo and will affirm a dismissal if the allegations are incapable of supporting relief under any set of circumstances." *Id.* (quoting *Price v. Ind. Dep't of Child Servs.*, 80 N.E.3d 170, 173 (Ind. 2017)). Additionally, we "affirm the dismissal if the decision is sustainable on any basis in the record." *Id.*

## Section 1 – The City's motion to dismiss did not present matters outside the pleadings.

[5] As a preliminary matter, we address Barton's assertion that the City improperly raised matters outside the pleadings in its motion to dismiss. Matters outside the pleadings cannot be considered when ruling on a Trial Rule 12(B)(6) motion. *Sinks v. Caughey*, 890 N.E.2d 34, 39 (Ind. Ct. App. 2008). Trial Rule 12(B) provides that where matters outside the pleadings are presented and not excluded by the trial court, the motion to dismiss under paragraph (6) "shall be treated as one for summary judgment." "'Matters outside the pleadings' are

'those materials that would be admissible for summary judgment purposes, such as depositions, answers to interrogatories, admissions, and affidavits.'" *Holland v. Rizzo*, 872 N.E.2d 659, 663 (Ind. Ct. App. 2007) (quoting *Fox Dev., Inc. v. England*, 837 N.E.2d 161, 164 (Ind. Ct. App. 2005)), *trans. denied*. "Neither arguments of counsel nor allegations in memoranda qualify as evidentiary materials for purposes of a motion for summary judgment." *Richards-Wilcox v. Cummins*, 700 N.E.2d 496, 499 n.3 (Ind. Ct. App. 1998).

[6] Particularly, Barton challenges the City's reference to having issued a permit for the parade, claiming that because she did not reference any permit in her complaint, the permit was a matter outside the pleadings. As such, according to Barton, the trial court should have denied the City's motion and converted it to a motion for summary judgment, with discovery. However, the City's motion to dismiss does not reference a permit but simply reads, "Columbus is immune from claims stemming from its approval of the Festival of Lights Parade and its route. Ind. Code § 34-13-3-3(11)." Appellant's App. Vol. 2 at 71. The challenged reference to a permit was included in the City's supporting memorandum, which reads in part, "Columbus is being sued because it issued a permit and approved a parade to take place in the city." *Id*. at 76. In short, the reference to a permit was made only as a part of counsel's argument in the

City's memorandum and, as such, does not amount to the presentation of matters outside the pleadings.[1]

## Section 2 – The trial court did not err in granting the City's motion to dismiss.

Barton filed a negligence action against the Defendants for her personal injuries. In its motion to dismiss, the City asserted that it is entitled to governmental immunity under Indiana Code Section 34-13-3-3. "The purpose of [such] immunity is to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment." *Bartholomew Cty. v. Johnson*, 995 N.E.2d 666, 672 (Ind. Ct. App. 2013) (quoting *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003)). The issue of a governmental entity's immunity is a question of law for the courts, to be reviewed de novo. *Id*. at 671-72 (quoting *E. Chicago Police Dep't v. Bynum*, 826 N.E.2d 22, 26 (Ind. Ct. App. 2005), *trans. denied* (2006)).

> Immunity assumes negligence but denies liability. Thus, the issues of duty, breach and causation are not before the court in deciding whether the government entity is immune. If the court finds the government is not immune, the case may yet be decided

---

[1] The City challenges as improper Barton's references to (1) recent discovery that "has since revealed that the City did in fact play a role in the approval and designation of the parade route"; and (2) deposition testimony by a city representative indicating "that the City was responsible for decisions upon which a reasonable jury could find fault on the part of the City." Appellant's Br. at 12, 13 n.2. These assertions are based on statements not included in the record on appeal and thus are not proper for our consideration. *See 3155 Dev. Way, LLC v. APM Rental Props., LLC*, 52 N.E.3d 854, 860 (Ind. Ct. App. 2016) ("We are not permitted to consider evidence which is not contained within the record on appeal.").

> on the basis of failure of any element of negligence. This should
> not be confused with the threshold determination of immunity.

*Id.* at 672 (quoting *Peavler v. Bd. of Comm'rs of Monroe Cty.*, 528 N.E.2d 40, 46-47 (Ind. 1988)).

[8] The City sought dismissal based on Indiana Code Section 34-13-3-3(11), which provides that a governmental entity or employee acting within the scope of his/her employment is not liable if a loss results from "[t]he issuance, denial, suspension, or revocation of, or failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, approval, order, or similar authorization, where the authority is discretionary under the law." Barton does not dispute the discretionary nature of the City's authority to allow a parade to take place on its streets. She simply maintains that her claims against the City do not fall within the statutory grant of immunity. We disagree. Barton's second amended complaint includes the following allegations specific to the City:

> 15. Upon information and belief, the City of Columbus *designated and/or approved* the streets, path and/or routes used for the Festival of Lights Parade in Columbus, Indiana.
>
> 16. Upon information and belief, the City of Columbus *designated and/or approved* the areas that spectators of the Festival of Lights Parade would occupy during the Festival of Lights Parade in Columbus Indiana on December 6, 2014.

Appellant's App. Vol. 2 at 59 (emphases added). As is clear from the plain language of the complaint, Barton's allegations directly address the City's decision to "approv[e]" or provide "similar authorization" for the parade's

route and the spectators' designated areas, thus tracking the language of Indiana Code Section 34-13-3-3(11).

[9] Barton cites the following paragraphs of her complaint in arguing that she pled additional operative facts sufficient to avoid dismissal:

> 18. The Defendants were required to exercise reasonable and ordinary care in the designation of the path and/or route of the Festival of Lights Parade in Columbus, Indiana on December 6, 2014.
>
> 19. The Defendants were required to exercise reasonable and ordinary care in the designation of the areas spectators could occupy during the progression of the Festival of Lights Parade in Columbus, Indiana on December 6, 2014.
>
> ….
>
> 29. The Plaintiff was injured as a direct and proximate result of the Defendants' negligent actions leading up to and occurring at the Festival of Lights parade of December 6, 2014. One or all of the Defendants' negligence includes but is not limited to those actions alleged herein as well the following:
>
> ….
>
> e. The Defendants failed to have or ensure compliance with safety protocols by any participant showcasing the robotics which were included within the Festival of Lights parade.

*Id*. at 59, 61.

[10] Paragraphs 18 and 19 are not factual allegations at all; instead, they are merely recitations of the standard of care incident to negligence actions. In other

words, these paragraphs do not allege facts to support any assertion that the City (or any Defendant) failed to use ordinary care in establishing the parade route and designating spectator viewing areas, but rather simply state that Defendants were required to do so. As for paragraph 29, we observe that it begins with a legal conclusion on the issue of causation. We reiterate that the issues of duty, breach of duty, and causation are not before the court in determining whether a government entity is immune. *Johnson*, 995 N.E.2d at 672. We also note that subparagraph 29(e) alleges acts for which the City enjoys governmental immunity under Indiana Code Section 34-13-3-3(8)(A), that is, "[t]he adoption and enforcement of or failure to adopt or enforce … a law (including rules and regulations)." As stated, we will "affirm the dismissal if the decision is sustainable on any basis in the record." *Esserman*, 84 N.E.3d at 1188.

[11] In sum, Barton's complaint alleges operative facts for which the City is entitled to governmental immunity. As such, negligent or not, the City has no liability to Barton, and dismissal therefore was proper under Trial Rule 12(B)(6). Accordingly, we affirm.

[12] Affirmed.

Robb, J., and Bradford, J., concur.